[Cite as *State ex rel. DiFranco v. S. Euclid*, 2012-Ohio-4399.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97713**

## STATE OF OHIO, EX REL.
## EMILIE DIFRANCO

RELATOR

vs.

## CITY OF SOUTH EUCLID, OHIO, ET AL.

RESPONDENTS

## JUDGMENT:
## WRIT DENIED

Writ of Mandamus
Motion No. 450742
Order No. 458310

**RELEASED DATE:**    September 26, 2012

**ATTORNEYS FOR RELATOR**

Christopher P. Finney
Finney, Stagnaro, Saba & Patterson
2623 Erie Avenue
Cincinnati, Ohio 45208

Curt C. Hartman
Law Firm of Curt C. Hartman
3749 Fox Point Court
Amelia, Ohio 45102

**ATTORNEY FOR RESPONDENTS**

Michael P. Lograsso
Law Director, South Euclid
1349 South Green Road
South Euclid, Ohio 44121

PATRICIA ANN BLACKMON, A.J.:

{¶1}   On December 16, 2011, the relator, Emilie DiFranco, commenced this public records mandamus action against the respondents, the city of South Euclid and Keith A. Benjamin, Director of Community Services and Clerk of Council for the city of South Euclid, the respondents.   On October 13, 2011, DiFranco tendered a public records request to the respondents, through certified mail, requesting copies of the following records:

1. All records that relate to the funding of Ordinance 31-08, including showing when the loan was paid, whether it was paid back, and any records that relate to any payments or expenditures made from that Ordinance.

2. Copies of all communications concerning funding of the first Playground of Possibilities.

3. Copies of all communications concerning funding of the second Playground of Possibilities after the fire.

4. All paper and electronic communications, reports, financial document (ledgers, spreadsheets, check registers and similar compilations) and calculations, memoranda, and other documents that address in any manner the fire that occurred at the Playground of Possibilities.

5. All claims and other communications with the insurance carrier and insurance agent relating to the Playground of Possibilities.

6. Copies of all checks received from the insurance company relative to the Playground of Possibilities.

7. All financial documents (ledgers, spreadsheets, check registers and similar

compilations) relating to the reconstruction of the Playground of Possibilities (showing all receipts and expenditures) after the fire.

8. A financial documents (ledgers, spreadsheets, check registers and similar compilations) relating to the reconstruction of the Playground of Possibilities (showing all receipts and expenditures) after the fire.

9. All communications made to city employees concerning work on the Playground of Possibilities.

{¶2} The certified letter, which requested the production of public records, was received by the respondents on October 14, 2011. However, until the filing of the complaint for a writ of mandamus, no public records were provided to DiFranco. On December 20, 2011, the requested public records were assembled and transmitted to DiFranco by email communications. On December 27, 2011, the respondents filed their joint answer and joint motion to dismiss the complaint for a writ of mandamus. On January 13, 2012, DiFranco filed a brief in opposition to the motion to dismiss through which she stated that:

Subsequent to the commencement of this action, Respondents have provided *some* records to Ms. DiFranco, but due to the volume of such documents (estimated to be nearly 800 pages) and the lack of breakdown and categorization of such documents, Ms. DiFranco is unable, at the present time, to acknowledge whether such records constitutes a *full* or a partial production in response to the Public Records Request Letter.

{¶3} On January 24, 2012, this court sua sponte converted the respondents' motion to dismiss into a motion for summary judgment pursuant to the "reasonable opportunity" provision of Civ.R. 12(B)(6).

{¶4} On February 8, 2012, DiFranco filed the affidavit of Brian Johnson, a Certified Public Account and Certified Internal Auditor, which provided that numerous requested public records, in his expert opinion, were not provided to DiFranco.

**{¶5}**   On July 3, 2012, this court addressed the affidavit of Brian Johnson and sua sponte ordered the following:

> Sua sponte, the respondents through their motion to dismiss of December 27, 2011, which was converted into a motion for summary judgment pursuant to the "reasonable opportunity" provision of Civ.R. 12(B)(6),  and the respondents brief of March 16, 2012, have stated that the relator's request for public records is   moot due to the delivery of all records.  See affidavits of Keith Benjamin, Director of Community Services and Clerk of Council for the City of South Euclid, Ohio, which provides that "he fulfilled the requests of [relator] on December 20, 2011 at 4:23 p.m. by sending all of the requested records to her by email transmission on that date and time."
>
> However, the affidavit of Brian Johnson, a Certified Public Accountant and Certified Internal Auditor, as filed by the relator on February 8, 2012, provides that in his expert opinion, numerous records that were requested by the relator were not provided as required by R.C. 149.43.  Accordingly, the respondents are ordered to address the affidavit of Brian Johnson and certify to this court the following: (1) whether such records exist; (2) whether such records have been delivered to the relator; and (3) why such records, if they exist, have not been delivered to the relator.  Specifically, the respondents shall individually address each claimed "missing" record as contained within the affidavit of Brian Johnson.   The respondents shall address the following:
>
> (1) ¶ 6 - any accounting system printouts such as journals, ledgers, or fund balance reports from accounting software that relate to funding of Ordinance 31-08;
>
> (2) ¶ 7 - cash journal, receipt ledger, and/or appropriation ledger;
>
> (3) ¶ 8 - records with regard to $89,322.37 of income received from Playground of Possibilities;
> (4) ¶ 8 - copy of check number 5236 (7/24/08 Leather Associates), check number 5273 (7/31/08 Leather Associates), and check number 5477 (8/21/10 Office Max);
>
> (5) ¶ 9 - purchase order, invoice and copy of check number 5849 (10/3/08 Key Bank), check number 5931 (10/17/08 Mars Electric), check number 6045 (10/24/08 Key Bank), check number 6099 (10/31/08 Denny Lumber), check number 6109 (10/31/08 Home Depot), check number 6654 (1/22/09 Fast Signs), check number 8995 (11/4/09 Sams Club),   check number 9048

(11/9/09 Petty Cash), check number 9123 (11/20/09 Key Bank), and check number 10419 (5/14/10 Fast Signs);

(6) ¶ 10 - all paper and electronic communications, reports, ledgers, spreadsheets, check registers, calculations, and memoranda that address the fire that occurred at the Playground of Possibilities;

(7) ¶ 12 - ledgers, spreadsheets, check registers relating to the reconstruction of the Playground of Possibilities; and

(8) ¶ 14 - copy of $400 restitution receipt dated 8/18/11, check number 13837 (Northcoast Signworks), and invoice for signage obtained from Northcoast Signworks.

The respondents are ordered to certify to this court what records, based upon the affidavit of Brian Johnson, remain outstanding, have been delivered to the relator, or are exempt from disclosure pursuant to R.C. 149.43. The certification shall be submitted to this court no later than July 23, 2012. No extension of time shall be granted to the respondents in which to complete the required certification. Should the respondents claim any exemption from disclosure, the relator is granted ten days, from the date of the filing of the respondents certification, to file a brief that addresses any claimed exemption.

{¶6} On July 20, 2012, the respondents filed a "certification of responses" that addressed the affidavit of Brian Johnson and the purported missing public records. The respondents, through the certification, established that all requested public records, including those referenced by Brian Johnson in his sworn affidavit, had been provided to DiFranco.

{¶7} On August 2, 2012, DiFranco filed her response to the "certification" that in essence admitted that all requested records had been provided by the respondents. However, DiFranco argues that although all requested public records have been provided, the issues of statutory damages and attorney fees remain pending for consideration by this

court.   DiFranco argues that she has established the necessary grounds for both maximum statutory damages and attorney fees pursuant to R.C. 149.43(C).   In support of her claim for statutory damages and attorney fees, DiFranco states in her complaint for a writ of mandamus that:

> The issuance of a writ of mandamus will serve the public interest and provide a public benefit by, inter alia, encouraging and promoting compliance in the future by public officials with the mandates of the Public Records Act, as well as court decisions thereon.
>
> Furthermore, the issuance of a writ of mandamus will serve the public interest and provide a public benefit by, inter alia, exposing the financial operations of the City of South Euclid to public exposure.
>
> Furthermore, the issuance of a writ of mandamus will serve the public interest and provide a public benefit by, inter alia, subjecting the organization, functions, policies, decision, operations, or other activities of the City of South Euclid to public exposure, review and criticism.

{¶8}   The Supreme Court of Ohio has recently established that the award of statutory damages and attorney fees is dependent upon demonstrating that the release of the requested public records provides a public benefit that is greater than the benefit that enures to the requester.  *State ex rel. Dawson v. Bloom-Carroll Local School Dist.*, 131 Ohio St.3d 10, 2011-Ohio-6009, 959 N.E.2d 524, ¶ 34; *State ex rel. Beacon Journal Publishing Co. v. Akron*, 104 Ohio St.3d 399, 2004-Ohio-6557, 819 N.E.2d 1087; compare *State ex rel. Data Trace Information Servs., L.L.C. v. Cuyahoga Cty. Fiscal Officer*, 131 Ohio St.3d 255, 2012-Ohio-753, 963 N.E.2d 1288, ¶ 69 (failure to establish right to statutory damages and attorney fees throughout the case resulted in waiver).

{¶9}   This court, in *State ex rel. Petranek v. Cleveland*, 8th Dist. No. 98026,

2012-Ohio-2396, held that encouraging and promoting compliance with the Ohio Public Records Act and by subjecting the public records keeper to public exposure, review, and criticism does not establish sufficient public benefit to allow for the award of statutory damages and attorney fees.

> In her complaint, [relator] states that her public records request would serve the public benefit by encouraging and promoting compliance with the Ohio Public Records Act and by subjecting the [respondent] to public exposure, review, and criticism. [Footnote omitted.] This does not state a sufficient public benefit to support an award of attorney fees or statutory damages, *because any and all public records requests would provide these minimal benefits*. (Emphasis added.) *Id*. at ¶ 8.

**{¶10}** As in *Petranek*, we find that DiFranco has failed to establish any viable public benefit that would permit this court to award statutory damages and/or attorney fees. The benefit claimed by DiFranco is simply an argument that the Ohio Public Records Act be enforced against the respondents. Thus, we find that DiFranco is not entitled to an award of statutory damages or attorney fees.

**{¶11}** Accordingly, we grant the respondents' joint motion for summary judgment. Respondents to pay costs. This court directs the Clerk of the Eighth District Court of Appeals to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

**{¶12}** Writ denied.

_____

PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER, J., and
EILEEN A. GALLAGHER, J., CONCUR