[Cite as *State ex rel. DiFranco v. S. Euclid,* 138 Ohio St.3d 367, 2014-Ohio-538.]

THE STATE EX REL. DIFRANCO, APPELLANT, *v.* THE CITY OF

SOUTH EUCLID ET AL., APPELLEES.

[Cite as *State ex rel. DiFranco v. S. Euclid,* 138 Ohio St.3d 367,

2014-Ohio-538.]

*Public-records requests—Statutory damages under R.C. 149.43(C)(1)—Attorney*
*fees under R.C. 149.43(C)(2)(b).*

(No. 2012-1704—Submitted June 4, 2013—Decided February 19, 2014.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 97713,

2012-Ohio-4399.

_____

**Per Curiam.**

{¶ 1}   This is a public-records mandamus case originally brought in the Eighth District Court of Appeals.  All parties agree that the writ claim became moot when all the requested records were produced after the filing and during the pendency of the mandamus action.  The remaining issue is whether Emilie DiFranco is, as she claims, entitled to statutory damages and attorney fees, given that (i) the city delayed two months in providing any response to the request at all and (ii) the original production of documents was incomplete—only after DiFranco presented an expert affidavit indicating that there were additional records to be produced did the city complete its production of the requested records.

{¶ 2}   The Eighth District denied both statutory damages and attorney fees.  After granting summary judgment to the city on mootness grounds, the appellate court concluded, "DiFranco has failed to establish any viable public benefit that would permit this court to award statutory damages and/or attorney fees." 2012-Ohio-4399, ¶ 10.  DiFranco has appealed.

**{¶ 3}** With respect to DiFranco's claim for statutory damages, we hold, contrary to the decision below, that the question whether DiFranco demonstrated sufficient public benefit is irrelevant. In authorizing an award of such damages, R.C. 149.43(C)(1) does not condition that award on applying the public-benefit test. We therefore reverse the Eighth District's denial of statutory damages, and we remand with instructions that the court of appeals consider the amount of damages in light of the statutory criteria, with particular consideration to be given to the applicability of the mitigating factors in R.C. 149.43(C)(1)(a) and (b).

**{¶ 4}** As for DiFranco's claim for attorney fees, we hold that it is barred here for a reason not stated by the Eighth District. R.C. 149.43(C)(2)(b) conditions any award of attorney fees on the court's having "render[ed] a judgment that orders the public office or the person responsible for the public record to comply with" the public-records law. Because the judgment entered by the court of appeals disposed of the case on grounds of mootness, the plain language of the statute prohibits an award of attorney fees.

**{¶ 5}** Accordingly, we reverse in part and affirm in part, and we remand with instructions that the appellate court determine the proper amount of statutory damages to be awarded.

**Facts**

**{¶ 6}** DiFranco sent a public-records request by certified mail to Keith Benjamin on October 13, 2011. Benjamin is an official of the city of South Euclid who serves as its records custodian. DiFranco's request sought nine categories of public records. (Benjamin and South Euclid are both appellees in this matter, and will be referred to collectively as "the city.") The certified-mail receipt evidences the request's arrival at the city's offices on October 14, 2011.

**{¶ 7}** The city provided no response of any kind to DiFranco between its receipt of the request on October 14 and the filing of DiFranco's mandamus action on December 16, 2011—a lapse of two months. After DiFranco filed the

2

mandamus action in the Eighth District, Benjamin saw the request for the first time on December 19, when the city was served with the mandamus complaint. On December 20, 2011, Benjamin electronically produced a set of responsive documents, which did not contain all the requested items.

{¶ 8} On December 27, 2011, the city filed its answer and motion to dismiss. The motion asked for dismissal on grounds of mootness because the city had produced the records the week before.[1] The city attributed its delay in responding to an internal office difficulty in processing the mail. DiFranco's memorandum in opposition, filed on January 13, 2012, argued that she was entitled to statutory damages and attorney fees under the standards set forth in the statute, on account of the city's two-month delay in providing any response. The city's reply, filed on March 16, argued that DiFranco had failed to prove a public benefit as a prerequisite to obtaining attorney fees and also argued that damages or fees were not mandatory because, although the city received the request in October, the records custodian did not actually lay eyes on it until December 19.

{¶ 9} The court converted the motion to dismiss to one for summary judgment on account of the evidentiary submissions in support of the motion.

{¶ 10} On February 8, 2012, DiFranco submitted the affidavit of Brian Johnson, a certified public accountant, who offered his conclusion that certain documents that would be responsive to DiFranco's request must exist but had not been produced. By order dated July 3, 2012, the court of appeals required the city to address the points raised by Johnson's affidavit and to produce any responsive documents. Thereafter, on July 20, the city filed a certification, stating that

---

1. Benjamin's affidavit, an attachment to the motion to dismiss, additionally stated that DiFranco has "made dozens of public record requests over the last six to seven years" and that in the past she had called or otherwise contacted Benjamin when she felt that her request had not been fulfilled—a course of action that she did not take in this case. Respondents' motion to dismiss explicitly faulted DiFranco for not doing so: "Had she taken the time as she has always done in the past, her request would have been fulfilled immediately [and] she would have avoided having to hire an attorney and avoided the corresponding attorney's fees."

additional documents had been produced on June 18 and describing those documents in detail. The filing also certified that no further documents were outstanding.

{¶ 11} In her August 8 response to the city's certification, DiFranco reiterated her entitlement to statutory damages and attorney fees in light of the chronology of the case, and she specifically cited the mandatory criteria for both damages and fees.

{¶ 12} Finally, on September 26, 2012, the Eighth District issued its decision and judgment, which dismissed the mandamus complaint as moot and denied both statutory damages and attorney fees on the grounds that DiFranco had not established a "public benefit." DiFranco appealed.

**Analysis**

{¶ 13} DiFranco claims entitlement to both damages and fees under the mandatory-fee criteria enacted in the September 2007 amendments to R.C. 149.43, the public-records law. Sub.S.B. No. 9, 151 Ohio Laws, Part IV, 8219, 8236. The argument calls for a construction and application of those statutory amendments and therefore presents a question of law that we review de novo on appeal. *See Akron Centre Plaza, L.L.C. v. Summit Cty. Bd. of Revision*, 128 Ohio St.3d 145, 2010-Ohio-5035, 942 N.E.2d 1054, ¶ 10.

{¶ 14} To be sure, when the appeals court renders a decision on a *discretionary* issue, we defer to that court's discretion as the originating court. *See State ex rel. Cranford v. Cleveland*, 103 Ohio St.3d 196, 2004-Ohio-4884, 814 N.E.2d 1218, ¶ 24, quoting *State ex rel. Dillery v. Icsman*, 92 Ohio St.3d 312, 314, 750 N.E.2d 156 (2001) (" 'In an appeal of a judgment granting or denying fees in a public record case, we review whether the court abused its discretion' "); *State ex rel. Doe v. Smith*, 123 Ohio St.3d 44, 2009-Ohio-4149, 914 N.E.2d 159, ¶ 15-17 (abuse-of-discretion standard applied in reviewing fee issue that did not invoke mandatory-fee criteria and was therefore a discretionary-fee case). The

city relies on *Cranford* and urges that we defer to the court of appeals' judgment, but deference would be due only when the grant or denial of attorney fees occurred under discretionary criteria. This case presents an issue of damages and attorney fees authorized by specific statutory criteria; therefore, a determination of entitlement to damages and fees is not a discretionary decision of the court below, but rather a determination of how to apply legal standards. That determination lies within this court's authority to review legal issues de novo on appeal.

### A. The public-benefit test was developed to guide the discretionary award of attorney fees before the 2007 amendments

{¶ 15} "Effective September 29, 2007, R.C. 149.43 was amended, and subsection (C) now provides new standards for awarding attorney fees in public-records mandamus cases." *State ex rel. Toledo Blade Co. v. Seneca Cty. Bd. of Commrs.*, 120 Ohio St.3d 372, 2008-Ohio-6253, 899 N.E.2d 961, ¶ 48. This amendment "[s]pecifies certain circumstances in which a court must award * * * reasonable attorney fees to the aggrieved person in a mandamus action, and certain circumstances in which a court must reduce or deny an award of * * * attorney fees to the aggrieved person." Legislative Service Commission Final Analysis of Sub.H.B. 9, 126th General Assembly, http://www.lsc.state.oh.us/bills/previousga.htm.[2]

{¶ 16} Prior to the 2007 amendments, R.C. 149.43(C) generally referred to attorney fees as available relief but did not specify criteria under which such fees ought to be awarded. *E.g*., 2001 Sub.H.B. No. 196, 149 Ohio Laws, Part IV, 6395, 6402. Under that earlier version of the statute, this court had held that "[a]n award of attorney fees under R.C. 149.43 is not mandatory" and that "[i]n exercising its discretion" to determine the propriety of a fee award, "a court

---

2. The 2007 amendments also enacted the statutory-damages provisions at issue in this case. Sub.H.B. No. 9, 151 Ohio Laws, Part IV, 8219, 8236-8237.

considers the reasonableness of the government's failure to comply with the public-records request and the degree to which the public will benefit from the release of the records in question." *State ex rel. Beacon Journal Publishing Co. v. Akron*, 104 Ohio St.3d 399, 2004-Ohio-6557, 819 N.E.2d 1087, ¶ 59. *See also Cranford*, 103 Ohio St.3d 196, 2004-Ohio-4884, 814 N.E.2d 1218, ¶ 26 (attorney fees not allowed because the records requested "were mostly beneficial to [the relator], and he ultimately received the records in time for his civil service commission hearing").

{¶ 17} The 2007 amendments provide generally that a court "may" award attorney fees under R.C. 149.43(C)(2)(b) if the court has issued a judgment ordering compliance with the public-records law. But immediately thereafter, the amendments carve out two situations in which attorney-fee awards are mandatory rather than discretionary. R.C. 149.43(C)(2)(b)(i) and (ii). The amendments also specify mitigating criteria that relate to the reasonableness of the government's action in resisting the production of records. R.C. 149.43(C)(2)(c).

{¶ 18} But the plain language of R.C. 149.43(C)(2)(b) conditions all attorney-fee awards on the court's having issued a judgment ordering compliance with the public-records law. That condition is fatal to DiFranco's attorney-fee claim here, because South Euclid produced all the pertinent documents before any court order was issued.

### B. DiFranco is entitled to prescribed damages of $100 per day, subject to mitigation in accordance with the statute

*1. DiFranco is entitled to statutory damages because of the unreasonable delay in the city's response to her records request*

{¶ 19} The second paragraph of R.C. 149.43(C)(1), added in 2007, states that if the public-records requester transmits the request by hand delivery or certified mail, then

the requestor shall be entitled to recover the amount of statutory damages set forth in this division if a court determines that the public office or the person responsible for public records failed to comply with an obligation in accordance with division (B) of this section.

{¶ 20} R.C. 149.43(B) sets forth the requirement that public records be made accessible and available upon request. Division (B)(1) states that "all public records responsive to the request shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours." The statute affords the option of asking for copies to be made and permits the public office to charge the cost of copying in advance. R.C. 149.43(B)(6). In such an instance, the statute requires that the public office "transmit a copy of a public record to any person by United States mail or by any other means of delivery or transmission within a reasonable period of time after receiving the request for the copy." R.C. 149.43(B)(7). If the public office denies the request, the statute requires that an explanation be given to the requester. R.C. 149.43(B)(3). In addition, division (B) specifically requires that the public office "organize and maintain records in [such] a manner that they can be made available for inspection or copying in accordance with division (B) of this section." R.C. 149.43(B)(2).

{¶ 21} It follows that the absence of *any* response over a *two-month period* constitutes a violation of the "obligation in accordance with division (B)" to respond "within a reasonable period of time" per R.C. 149.43(B)(7). The delay also violates the mandate of R.C. 149.43(B)(1) that the records be "promptly prepared and made available." These violations then trigger the mandatory statutory damages under the language of R.C. 149.43(C)(1) quoted above.

**{¶ 22}** DiFranco's October 2011 request was sent by certified mail and specifically asked for copies of the requested documents to be made available in electronic format, if possible, and committed to paying up to $50 for the cost of copying. As indicated, the city did not respond to this request in any way during the two months leading up to the filing of the mandamus action. That violation of division (B) of R.C. 149.43 triggered the statutory-damages provision, which makes no mention of a public-benefit requirement.

**{¶ 23}** As contrary authority, the city cites *State ex rel. Dawson v. Bloom-Carroll Local School Dist.*, 131 Ohio St.3d 10, 2011-Ohio-6009, 959 N.E.2d 524, but its reliance on that case is unavailing. That post-2007-amendments case presented claims for both damages and attorney fees, and the city argues that under the pronouncement of the case, entitlement to both depended on the public-benefit test. That argument relies on the following sentence: "Finally, because Dawson's public-records claims lack merit and were primarily beneficial to her rather than the public in general, she is not entitled to an award of attorney fees or statutory damages." *Id*. at ¶ 34. The court of appeals' decision also cites *Dawson* in support of its dismissal of the damages and attorney-fee claims for lack of public benefit.

**{¶ 24}** We conclude that *Dawson* is inapposite. In *Dawson*, we held that the requester was not entitled to obtain the documentation sought because the attorney-client privilege applied. Neither failure to produce documents that ought to be produced nor delay of initial response to the request was at issue. As a result, there was no basis in *Dawson* for awarding statutory damages under the plain language of the damages provision. Given that state of affairs, there was no call for us to give further consideration to the damages claim, including whether or not a public-benefit test ought to be applied. As a result, *Dawson*'s pronouncement concerning damages and the lack of public benefit was obiter dictum and has no precedential force here. *See WCI Steel, Inc. v. Testa*, 129 Ohio

St.3d 256, 2011-Ohio-3280, 951 N.E.2d 421, ¶ 27 (statement in earlier case was obiter dictum, given that the actual ground for the earlier decision was not dependent on that statement); *Cosgrove v. Williamsburg of Cincinnati Mgt. Co., Inc.*, 70 Ohio St.3d 281, 284, 638 N.E.2d 991 (1994) (statement in earlier case that was admittedly dicta had "no binding effect on this court's decision in this case").

*2. The city's contention that DiFranco is not aggrieved lacks merit*

{¶ 25} The city also argues that DiFranco is not an "aggrieved" person for purposes of R.C. 149.43(C) and relies on this court's decision in *Rhodes v. New Philadelphia*, 129 Ohio St.3d 304, 2011-Ohio-3279, 951 N.E.2d 782. In *Rhodes*, the plaintiff brought a suit for civil forfeiture pursuant to R.C. 149.351 for destruction of records in violation of the public-records act. This court held that, based upon the factual record, Rhodes was not "aggrieved" within the meaning of R.C. 149.351, because he had not really had the goal of accessing records that had been unlawfully destroyed; instead, Rhodes's only goal was to reap the windfall of an award of civil forfeiture. *Id*. at ¶ 24.

{¶ 26} The city attempts to import the *Rhodes* distinction—one who actually seeks access to records as distinguished from one who seeks only a monetary windfall—into the present case. In support, the city relies on the fact that DiFranco's previous practice had been to telephone to spur compliance with a records request but that she did not follow that practice in this case. By proceeding directly to the filing of a mandamus action, DiFranco showed (according to the city) that she was actually pursuing statutory damages and attorney fees rather than the requested records.

{¶ 27} We reject this argument. *Rhodes* addresses a claim for forfeiture under R.C. 149.351 and is not apposite to a claim for statutory damages under R.C. 149.43(C)(1). R.C. 149.43(C) refers to "person[s] allegedly aggrieved" by violations of division (B), which contains the substantive requirement that records

be made available upon request. *Every* records requester is aggrieved by a violation of division (B), and division (C)(1) authorizes the bringing of a mandamus action by any requester. That same provision authorizes statutory damages for certified-mail requests when there are violations of division (B). The statutory language leaves no room for a determination that damages may be denied based on an inquiry into the requester's state of mind.

*3. DiFranco is entitled to statutory damages of $100 per day,*

*subject to reduction pursuant to R.C. 149.43(C)(1)(a) or (b)*

**{¶ 28}** For the foregoing reasons, the court of appeals erred by applying the public-benefit test. DiFranco is entitled to statutory damages because she was subjected to a violation of R.C. 149.43(B) when the city failed to respond to her request in any way for two months. She also suffered a continuing violation during the pendency of the mandamus case until the final production of documents in June 2012.

**{¶ 29}** R.C. 149.43(C)(1) imposes damages at $100 for each "business day during which the public office * * * failed to comply with an obligation in accordance with division (B) of this section, beginning with the day on which the requester files a mandamus action to recover statutory damages, up to a maximum of one thousand dollars." DiFranco filed the mandamus action on December 16, 2011. The city's first production of responsive documents occurred on December 20. Thus, damages accrued on December 16 (a Friday) and on December 19 (a Monday)—two days. But as the mandamus case unfolded, DiFranco demonstrated that the city had not come into compliance on December 20, because certain responsive documents were not produced until June 2012. It therefore appears at first blush that DiFranco is entitled to the statutory maximum of $1,000.

10

**{¶ 30}** But on remand, the appeals court must itself count the days of noncompliance. The appeals court must also consider whether R.C. 149.43(C)(1)(a) and (b) call for a partial or entire reduction of the damages award.

### C. DiFranco is not entitled to an award of attorney fees

**{¶ 31}** After the 2007 amendments, R.C. 149.43(C)(2)(b) begins by stating: "If the court renders a judgment that orders the public office or the person responsible for the public record to comply with division (B) of this section, the court *may* award reasonable attorney fees * * *." (Emphasis added.) The very next sentence sets forth the criteria under which the court "*shall* award reasonable attorney fees." (Emphasis added.) DiFranco claims entitlement to attorney fees under the second sentence, but she can qualify to receive an award of fees only if her case satisfies the condition set forth at the beginning of R.C. 149.43(C)(2)(b): the court must have issued a judgment that compels compliance with the public-records law.

**{¶ 32}** The parties do not argue this point, but it is nonetheless dispositive of the attorney-fees claim.[3] Although it might be contended that the "if" clause applies only to the first sentence, we think the correct reading requires us to apply the initial condition to both sentences, given that the General Assembly chose to put both sentences in the same statutory compartment. Accordingly, we hold that neither discretionary nor mandatory attorney fees may be awarded under R.C. 149.43(C)(2)(b) unless the court has issued a judgment that orders compliance with the public-records law.

---

3. The court of appeals rejected DiFranco's attorney-fees claim based on its application of the public-benefit test. For the reasons set forth in our decision in No. 2012-1893, the public-benefit test did not apply to DiFranco's attorney-fees claim. *State ex rel. DiFranco v. S. Euclid,* 138 Ohio St.3d 378, 2014-Ohio-539, __ N.E.3d __. Accordingly, DiFranco's contention that due process requires that she be afforded an opportunity to demonstrate public benefit is moot.

{¶ 33} In the present case, there is no such judgment. Indeed, the final judgment of the court of appeals disposed of the writ complaint on grounds of mootness, given that the documents had already been tendered to the relator.

{¶ 34} To be sure, it could be argued that the court's July 3, 2012 order might satisfy the condition, inasmuch as it ordered production of any responsive documents that had not yet been produced. But the July 3 order probably cannot qualify as a "judgment," since that order is interlocutory and does not dispose of the case. *See* Civ.R. 54(A) (defining "judgment" to encompass "a decree and any order from which an appeal lies as provided in section 2505.02 of the Revised Code"); *State ex rel. Sylvania Home Tel. Co. v. Richards*, 94 Ohio St. 287, 294, 114 N.E. 263 (1916), quoting 1 *Freeman on Judgments,* Section 2 (4th Ed.) (defining "judgment" as " '[t]he decision or sentence of the law pronounced by a court or other competent tribunal upon the matter contained in the record' "). Moreover, the response to the July 3 interlocutory order demonstrated that all the responsive documents had been produced before the order was issued. Thus, even if the term "judgment" were extended to include an interlocutory order, South Euclid's compliance did not occur as a result of that order.

{¶ 35} In any event, as the claimant seeking attorney fees, it was DiFranco's burden to show that all statutory conditions for an award of fees were satisfied, and DiFranco has not done so. We must therefore affirm the court of appeals' decision to deny attorney fees, albeit on a different ground from that relied upon below.

## Conclusion

{¶ 36} For the foregoing reasons, the court of appeals erred by applying the public-benefit test to DiFranco's claim for statutory damages. Accordingly, we reverse the judgment below as to damages, and we remand for a determination of the proper amount of damages under all the pertinent statutory criteria. With regard to the claim for attorney fees, we conclude that DiFranco did not satisfy

the statutory condition for an award of fees, and on that basis we affirm the denial of attorney fees.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, FRENCH, and O'NEILL, JJ., concur.

KENNEDY, J., concurs in part and dissents in part.

_____

**KENNEDY, J., concurring in part and dissenting in part.**

**{¶ 37}** Although I agree with the majority that Emilie DiFranco was entitled to an award of statutory damages, I disagree with the majority's analysis of the attorney-fee issue.

**{¶ 38}** R.C. 149.43(C)(2)(b) specifies two types of attorney fees in public-records mandamus cases. Under the statute, fees may be either discretionary or mandatory:

> (b) If the court renders a judgment that orders the public office or the person responsible for the public record to comply with division (B) of this section, the court *may* award reasonable attorney's fees subject to reduction as described in division (C)(2)(c) of this section. The court *shall* award reasonable attorney's fees, subject to reduction as described in division (C)(2)(c) of this section when either of the following applies:

> (i) The public office or the person responsible for the public records failed to respond affirmatively or negatively to the public records request in accordance with the time allowed under division (B) of this section.

> (ii) The public office or the person responsible for the public records promised to permit the relator to inspect or receive

copies of the public records requested within a specified period of time but failed to fulfill that promise within that specified period of time.

(Emphasis added.)  R.C. 149.43(C)(2)(b).

**{¶ 39}** The first sentence covers discretionary fees, which are to be awarded "[i]f the court renders a judgment that orders" production of records. Mandatory fees are covered in the second sentence and are awarded if one of two conditions exists.  *See State ex rel. Doe v. Smith*, 123 Ohio St.3d 44, 2009-Ohio-4149, 914 N.E.2d 159, ¶ 23-32.

**{¶ 40}** The majority concludes that the "if" clause in the first sentence of R.C. 149.43(C)(2)(b) imposes a condition on the award of *both* discretionary *and* mandatory attorney fees.  I respectfully disagree.

**{¶ 41}** First, the two types of fees, discretionary and mandatory, are described in two separate sentences.  This indicates that they are to be interpreted separately; discretionary fees are to be considered when the court has had to order a party to produce records, but mandatory fees are to be imposed on the satisfaction of one of the two conditions in (C)(2)(b)(i) or (ii), regardless of whether the court has had to order production.[4]  If the General Assembly had meant the "if" clause to apply to mandatory fees, it would have used one sentence to describe both types of fees, or it would have found other means to express a conjunctive approach to the two types of fees.  Instead, the legislature chose language implying a disjunction between the condition justifying a discretionary fee award on one hand—i.e., the rendition of a judgment ordering compliance

---

4. *But see State ex rel. Laborers Internatl. Union of N. Am., Local Union No. 500 v. Summerville*, 122 Ohio St.3d 1234, 2009-Ohio-4090, 913 N.E.2d 452, ¶ 8 (stating in dicta that the 2007 amendments do not preclude an award of discretionary fees when the mandamus claim has been rendered moot by production of the requested records).

14

with the public-records law—and on the other hand the two conditions that trigger a mandatory award of fees.

{¶ 42} Second, the majority's construction defeats the evident purpose of adding the mandatory-fee provision to the statute: ensuring an award of fees when the records custodian has unreasonably delayed the production of records. If no fees could be awarded unless the court had ordered a party to produce records, it would allow a public office to sit on a public-records request until a mandamus case was filed and then turn over the records before the court had a chance to issue an order. It would thereby prevent a requester from obtaining records within a reasonable time, while the public office would escape liability for attorney fees altogether, even though it would probably have violated division (C)(2)(b)(i) by failing to respond affirmatively or negatively to the request within a reasonable time.

{¶ 43} For these reasons, I would hold that mandatory fees are to be imposed if the public office's conduct falls within R.C. 149.43(C)(2)(b)(i) or (ii), whether or not the court has ordered the production of the records. Under that holding, DiFranco would be entitled to a mandatory award of fees in this case, subject to reduction pursuant to the consideration of factors set forth at R.C. 149.43(C)(2)(c).

{¶ 44} In sum, I agree with the majority's disposition of the statutory-damages issue but disagree with the majority's decision that DiFranco was not entitled to attorney fees. I therefore concur in part and dissent in part.

_____

The Law Firm of Curt C. Hartman and Curt C. Hartman; and Finney, Stagnaro, Saba & Patterson Co., L.L.P., and Christopher P. Finney, for appellant.

Michael P. Lograsso, South Euclid Law Director, for appellees.

_____