Kennedy, J.,
dissenting.
{¶ 23} The majority holds that DiFranco was not entitled to attorney fees, because the court had not “rendered] a judgment that orders the public office or the person responsible for the public record to comply with” the public-records law pursuant to the first sentence of R.C. 149.43(C)(2)(b). For the reasons set forth in my separate opinion in No. 2012-1704, I believe that Emilie DiFranco was entitled to mandatory fees under the second sentence and that the “if’ clause in the first sentence does not apply to the second sentence. State ex rel. DiFranco v. S. Euclid, 138 Ohio St.3d 367, 2014-Ohio-538, 7 N.E.3d 1136.
{¶ 24} Like No. 2012-1704, this case involves unreasonable conduct by South Euclid under either R.C. 149.43(C)(2)(b)(i) or (ii), and that misconduct delayed the production of records and forced DiFranco to initiate litigation to enforce her public-records request. By denying the fees, the court again defeats the purpose of mandatory fees: to make the requester whole when unreasonable delay has necessitated litigation. I respectfully dissent.