[Cite as *Cleveland Assn. of Rescue Emps./ILA Local 1975 v. Cleveland*, 2018-Ohio-4602.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 106783**

---

**CLEVELAND ASSOCIATION OF RESCUE EMPLOYEES/ILA LOCAL 1975**

RELATOR

vs.

**CITY OF CLEVELAND, ET AL.**

RESPONDENT

---

**JUDGMENT:**
WRIT GRANTED IN PART, DENIED IN PART

---

Writ of Mandamus
Motion No. 519380
Order No. 522095

**RELEASE DATE:**  November 14, 2018

**ATTORNEYS FOR RELATOR**

Ryan J. Lemmerbrock
Brooks W. Boron
Muskovitz & Lemmerbrock L.L.C.
1621 Euclid Avenue, Suite 1750
Cleveland, Ohio   44115


**ATTORNEYS FOR RESPONDENT**

Barbara A. Langhenry
Director of Law
Janeane R. Cappara
Brandon Earl Brown
Kim Roberson
Assistant Directors of Law
City of Cleveland - Law Department
601 Lakeside Avenue, Room 106
Cleveland, Ohio   44114


MARY EILEEN KILBANE, P.J.:

{¶1}   Relators, Daniel Nemeth, individually and on behalf of Cleveland Association of Rescue Employees/ILA, Local 1975 (collectively, "CARE"), seek a writ of mandamus ordering respondents, the city of Cleveland and its public records administrator, Kim Roberson (collectively, the "city"), to produce records responsive to CARE's public records requests. This mandamus action related to the release of records is moot, however, CARE's motion for summary judgment is granted as to attorney fees.   CARE is awarded $8,812.50 in attorney fees.

**Background**

{¶2}   On December 7, 2017, CARE submitted a public records request seeking the following:

1.) Current job descriptions for the following positions: Patrol Officer, Journeyman Fire Fighter, Emergency Medical Dispatcher, Emergency Medical Technician, Paramedic.

2.) Identification of the current certifications and/or minimum educational requirements for the following positions: Patrol Officer, Journeyman Fire Fighter, Emergency Medical Dispatcher, Emergency Medical Technician, Paramedic.

3.) Identification of the number and type of work-related injuries or illness sustained by the following positions (on an annual basis, from 01/01/2012 through the current date): Patrol Officer, Journeyman Fire Fighter, Emergency Medical Dispatcher, Emergency Medical Technician, Paramedic.

4.) Identification of the total number of injuries suffered by Division of EMS employees, Division of Police employees, and Division of Fire employees, from 01/01/2012 through the current date, by year, with the number of hazardous duty injuries and non-hazardous duty injuries identified, including, but not limited to documentation summarizing employee injuries put together by or provided to the City Safety Review Committee, Dr. Edweana Robinson and/or Risk Manager Ed Romero.

5.) Runs (Emergency Response) Stats and Projections for Cleveland EMS, Cleveland Fire and Cleveland Police, by year, from 01/01/2012 through the current date.

6.) Identification of the staffing levels for Cleveland EMS, Cleveland Fire and Cleveland Police, from 01/01/2012 through the current date, by year, with specification of the employees by position (from the City "Budget Book," under Department of Public Safety).

7.) Report on Number of Calls by Priority for Cleveland Fire and Cleveland Police from 01/01/2012 through the current date, and for Cleveland EMS from 01/01/2016 through the current date.

8.) Report on Number of Calls Per Year By Month for Cleveland Fire and Cleveland Police from 01/01/2007 through the current date, and for Cleveland EMS from 01/01/2016 through the current date.

9.) Telestaff reports, by year, indicating instances when Cleveland EMS employees were required by the City to report for a court appearance, with identification of the employee, date, and time of appearance, for 2016 (01/01/2016 to 12/31/2016) and 2017 (01/01/2017 through the current date).

10.) Attrition Reports and/or other documents identifying employees

separating from service, including the employee's position, separation date and reason for separation (resign, terminate, transfer, retire, etc.) for years 2012 through 2017, for Cleveland EMS, Cleveland Fire and Cleveland Police.

{¶3} The city failed to produce any documents responsive to these requests by February 1, 2018, so CARE instituted the present mandamus action on that date. On February 6, 2018, almost two months after CARE submitted its request,[1] the city provided CARE documents responsive to seven of the above requests. Requests three, four, and ten remained unanswered. The parties mediated the dispute through this court's mediation program and the city provided records responsive to CARE's remaining requests by May 21, 2018.

{¶4} The parties agree that all records have been provided. The only dispute that remains is whether CARE is entitled to attorney fees and costs.[2] After denying a motion to dismiss filed by the city, this court set a briefing schedule for motions for summary judgment. Motions were to be filed on

July 16, 2018, and briefs in opposition filed on August 16, 2018. The parties filed cross motions for summary judgment addressing the issue of attorney fees. However, the city's motion was untimely filed without leave. CARE filed a brief in opposition to the city's untimely motion for summary judgment, but the city failed to timely file a brief in opposition to CARE's motion for summary judgment pursuant to this court's briefing schedule. The city's untimely motion for summary judgment was stricken. CARE then submitted evidence of the attorney fees incurred prosecuting this action as directed by this court. This court gave the city leave to file a response limited to the reasonableness of the attorney fees that had accrued since

---

[1] The city sought clarification on one request, which was promptly provided.

[2] CARE has not asserted a claim for statutory damages in this case.

CARE filed its motion for summary judgment. The city filed a brief in response, but failed to offer any analysis about the reasonableness of attorney fees.

**Summary Judgment**

**{¶5}** Civ.R. 56 sets forth the standard to be applied when ruling on a motion for summary judgment. It requires the moving party to set forth the legal and factual basis supporting a motion for summary judgment. To do so, the moving party must demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). Accordingly, any party moving for summary judgment must show that there is no genuine issue as to any material facts and the moving party is entitled to judgment as a matter of law. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978). Once this burden is met, the non-moving party has a reciprocal burden to establish that judgment may not be entered as a matter of law because there exists a material question of fact that remains unresolved. *Todd Dev. Co. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87, 880 N.E.2d 88, _ 11.

**Entitlement to Attorney Fees**

**{¶6}** Scrutiny of public records is important to the functioning of a proper democracy. *State ex rel. Gannett Satellite Info. Network, Inc. v. Petro*, 80 Ohio St.3d 261, 264, 685 N.E.2d 1223 (1997). Ohio has codified this strong public policy in its Public Records Act, R.C. 149.43. R.C. 149.43(B) provides guidelines for public agencies in the handling of public records requests. R.C. 149.43(B) requires, and courts have interpreted these guidelines to require, the release of public records within a reasonable time. *See, e.g., Foulk v. Upper Arlington*, Ct. of Cl. No. 2017-00132-PQ, 2017-Ohio-5767, adopting the recommendations of a

special master made in *Foulk v. Upper Arlington*, Ct. of Cl. No. 2017-00132-PQ, 2017-Ohio-4249, ¶ 9.

{**¶7**}  When a public agency fails to live up to its obligations, R.C. 149.43(C) provides a means of relief.   The statute states, in part:

> (1) If a person allegedly is aggrieved by the failure of a public office or the person responsible for public records to promptly prepare a public record and to make it available to the person for inspection in accordance with division (B) of this section or by any other failure of a public office or the person responsible for public records to comply with an obligation in accordance with division (B) of this section, the person allegedly aggrieved may do only one of the following, and not both:
>
> * * *
>
> (b) Commence a mandamus action to obtain a judgment that orders the public office or the person responsible for the public record to comply with division (B) of this section, that awards court costs and reasonable attorney's fees to the person that instituted the mandamus action, and, if applicable, that includes an order fixing statutory damages under division (C)(2) of this section. The mandamus action may be commenced in the court of common pleas of the county in which division (B) of this section allegedly was not complied with, in the supreme court pursuant to its original jurisdiction under Section 2 of Article IV, Ohio Constitution, or in the court of appeals for the appellate district in which division (B) of this section allegedly was not complied with pursuant to its original jurisdiction under Section 3 of Article IV, Ohio Constitution.

{**¶8**}  R.C. 149.43(C)(3)(b), in the version applicable to this case,   provides:

> If the court renders a judgment that orders the public office or the person responsible for the public record to comply with division (B) of this section *or if the court determines any of the following*, the court may award reasonable attorney's fees to the relator, subject to the provisions of division (C)(4) of this section:
>
> (i) The public office or the person responsible for the public records failed to respond affirmatively or negatively to the public records request in accordance with the time allowed under division (B) of this section.
>
> (ii) The public office or the person responsible for the public records promised to permit the relator to inspect or receive copies of the public records requested

within a specified period of time but failed to fulfill that promise within that specified period of time.

(iii) The public office or the person responsible for the public records acted in bad faith when the office or person voluntarily made the public records available to the relator for the first time after the relator commenced the mandamus action, but before the court issued any order concluding whether or not the public office or person was required to comply with division (B) of this section. * * *.

(Emphasis added.)

{¶9} Based on the statutory language in R.C. 149.43(C)(3)(b), even when a claim for the production of records is moot as a result of the release of the requested records during the pendency of a mandamus action, a court may award attorney fees where the public office or official fails to respond to the request affirmatively or negatively within a reasonable time under R.C. 149.43(C)(3)(b)(i), R.C. 149.43(B)(1), and R.C. 149.43(B)(7)(a). In this context reasonableness is a determination based on all the surrounding facts and circumstances of the case. *State ex rel. Morgan v. Strickland*, 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, ¶ 10.

{¶10} Where courts have held that attorney fees were not available when a public records mandamus action was moot, those holdings were based on a different version of the statute than is applicable to this case. For instance, the Tenth District held that attorney fees were not recoverable when a mandamus action was moot after the production of records during the pendency of a mandamus action. *State ex rel. Miller v. Ohio Dept. of Edn.,* 10th Dist. Franklin No. 15AP-1168, 2016-Ohio-8534, ¶ 15. That case was decided under an older version of the Public Records Act. The *Miller* court followed the holding in *State ex rel. DiFranco v. S. Euclid*, 138 Ohio St.3d 367, 2014-Ohio-538, 7 N.E.3d 1136, which held that attorney fees were

not available under similar circumstances based on the statutory language in effect at the time. But that language was changed by 2016 Sub.S.B. No. 321, effective September 28, 2016.

{¶11} As set forth in *DiFranco*, former R.C. 149.43(C)(2)(b) provided, "[i]f the court renders a judgment that orders the public office or the person responsible for the public record to comply with division (B) of this section, the court may award reasonable attorney fees * * *." *Id.* at ¶ 31. The version of R.C. 149.43(C)(3)(b) applicable to the present case, quoted above, makes clear that a claim for attorney fees does not depend on this court ordering a public agency or official to comply with R.C. 149.43(B). That particular statute now goes on to state that attorney fees are available when the court makes one of three findings under R.C. 149.43(C)(3)(b). Therefore, as CARE argues, attorney fees are available in the present case if the city failed to respond to the records request within a reasonable time.

{¶12} The Supreme Court of Ohio's decision in *DiFranco* is, however, useful in another respect. There, in relation to the availability of statutory damages, the court held that a two-month failure to respond to a public records request was unreasonable. *Id.* at _ 21. ("It follows that the absence of any response over a two-month period constitutes a violation of the "obligation in accordance with division (B)" to respond "within a reasonable period of time" per R.C. 149.43(B)(7). The delay also violates the mandate of R.C. 149.43(B)(1) that the records be "promptly prepared and made available").

{¶13} The Ohio Court of Claims has also determined that an 88-day delay in the release of all records requested regarding the contents of an audio recording was unreasonable. *Foulk*, Ct. of Cl. No. 2017-00132-PQ, 2017-Ohio-5767, adopting recommendations of a special master found in *Foulk*, Ct. of Cl. No. 2017-00132-PQ, 2017-Ohio-4249, at ¶ 9. The Ohio Court of Claims also determined that a 103-day delay in producing records related to a legal case file was

unreasonable. *Andes v. Ohio Atty. Gen. Office*, Ct. of Cl. No. 2017-00144-PQ, 2017-Ohio-4251, ¶ 22 (recommendations of the special master adopted May 31, 2017 without modification).

**{¶14}** The Tenth District has found that a 37-day delay was unreasonable for purposes of statutory damages for response to a public records request seeking contracts and materials about the negotiation of contracts between a prison facility and one of its suppliers. *State ex rel. Simonsen v. Ohio Dept. of Rehab. & Correction*, 10th Dist. Franklin No. 08AP-21, 2009-Ohio-442. *See also Specht v. Finnegan*, 149 Ohio App.3d 201, 2002-Ohio-4660, 776 N.E.2d 564, ¶ 27 (6th Dist.) (upholding a finding that a two-month delay in providing records responsive to a public records request was unreasonable).

**{¶15}** Recently, the Supreme Court of Ohio has found that a two-month delay in the release of coroner records related to an ongoing homicide investigation was reasonable. *State ex rel. Cincinnati Enquirer v. Pike Cty. Coroner's Office*, 153 Ohio St.3d 63, 2017-Ohio-8988, 101 N.E.3d 396. In that case, the public official cited the lengthy ongoing investigation and the need for different agencies to carefully redact information from the reports. *Id*. at _ 59.

**{¶16}** The record before this court does not include justifications that would warrant a finding that the city acted reasonably in the present case. This court finds that some of the records produced did not require redaction or extensive gathering of far-flung information. In its first and second requests, CARE sought the job descriptions and required certifications for various safety-related positions within the city. Information responsive to these requests is regularly maintained by the city and requires little review, redactions, or scrutiny. Yet, the city failed to respond to these requests until the mandamus action was filed.

**{¶17}** The city failed to respond to the records requests, no matter how straight-forward, until after this action was filed. This was two months after the requests were made. Certainly, some of CARE's requests required redactions and more careful scrutiny, but the city still required some five months to produce all the requested records.

**{¶18}** As a result of the city's delay, CARE asserts that it was prevented from using some of the requested records during the collective bargaining process. According to CARE, arbitration proceedings took place on March 6, 2018, and April 6, 2018. During these proceedings, CARE was prevented from using records that the city failed to timely produce — specifically requests three, four, and ten.

**{¶19}** This court finds that the city's failure to respond to the records request by releasing the requested records in this case was unreasonable. The city's two-month delay in producing some of the records and more than five-month delay in producing all the requested records constitutes a failure to respond within a reasonable time.

**{¶20}** R.C. 149.43(C)(3)(c) provides a safe harbor for the good-faith actions of a public office or official:

> The court shall not award attorney's fees to the relator if the court determines both of the following:
>
> (i) That, based on the ordinary application of statutory law and case law as it existed at the time of the conduct or threatened conduct of the public office or person responsible for the requested public records that allegedly constitutes a failure to comply with an obligation in accordance with division (B) of this section and that was the basis of the mandamus action, a well-informed public office or person responsible for the requested public records reasonably would believe that the conduct or threatened conduct of the public office or person responsible for the requested public records did not constitute a failure to comply with an obligation in accordance with division (B) of this section;
>
> (ii) That a well-informed public office or person responsible for the requested public records reasonably would believe that the conduct or threatened conduct of

the public office or person responsible for the requested public records would serve the public policy that underlies the authority that is asserted as permitting that conduct or threatened conduct.

**{¶21}** The record presented to this court does not establish a good-faith effort on the part of the city to timely produce the requested records that satisfies both of the conditions in R.C. 149.43(C)(3)(c), nor does the city argue that it satisfied these provisions. As a result, CARE is entitled to reasonable attorney fees under R.C. 149.43(C)(3)(b)(i).

**Reasonableness of Attorney Fees**

**{¶22}** R.C. 149.43(C)(4) provides guidance to this court on what constitutes reasonable attorney fees. This statute states,

> [a]ll of the following apply to any award of reasonable attorney's fees awarded under division (C)(3)(b) of this section:
>
> (a) The fees shall be construed as remedial and not punitive.
>
> (b) The fees awarded shall not exceed the total of the reasonable attorney's fees incurred before the public record was made available to the relator and the fees described in division (C)(4)(c) of this section.
>
> (c) Reasonable attorney's fees shall include reasonable fees incurred to produce proof of the reasonableness and amount of the fees and to otherwise litigate entitlement to the fees.
>
> (d) The court may reduce the amount of fees awarded if the court determines that, given the factual circumstances involved with the specific public records request, an alternative means should have been pursued to more effectively and efficiently resolve the dispute that was subject to the mandamus action filed under division (C)(1) of this section.

**{¶23}** CARE has provided detailed billing statements that indicate a total of 68 hours billed in obtaining records and prosecuting this action.[3] CARE's attorneys charged their client at a rate of between $130 and $180 per hour, depending on the experience of the attorney that

---

[3] The billing statement included more time expended, but CARE's attorneys provided those services at no charge to CARE, and do not seek reimbursement for those hours in this action.

handled each specific matter. In 2010, this court found a rate of $225 an hour reasonable for the experienced attorney in that case. *State ex rel. Braxton v. Nichols*, 8th Dist. Cuyahoga Nos. 93653, 93654, and 93655, 2010-Ohio-3193, _ 16. *See also State ex rel. Mun. Constr. Equip. Operators' Labor Council v. Cleveland*, 8th Dist. Cuyahoga No. 94226, 2010-Ohio-2108 (finding a rate of $265 per hour reasonable); *State ex rel. Quolke v. Strongsville City School Dist. Bd. of Edn.*, 8th Dist. Cuyahoga No. 99733, 2013-Ohio-4481 (finding a rate of between $135 and $165 per hour reasonable). This court finds the hourly rate charged in the present case reasonable.

{¶24} The itemized, narrative billing statements submitted by CARE document the time expended on this case. This court finds the time expended in prosecuting this case is reasonable. The time relates to CARE's pursuit of the requested records through this mandamus action and the time expended in demonstrating its entitlement to attorney fees. Both are appropriate under R.C. 149.43(C)(4). We find this rate and the time expended in this case reasonable. This court also declines, under R.C. 149.43(C)(4)(d), to reduce the amount of fees awarded to CARE in this action.

{¶25} The city was provided an opportunity to dispute the reasonableness of a portion of these fees. The brief filed in opposition to CARE's fee statements only addressed the reasonableness of these fees in a cursory fashion. Contrary to this court's order, the city argued that CARE was not entitled to fees, relying on *DiFranco,* 138 Ohio St.3d 367, 2014-Ohio-538, 7 N.E.3d 1136. As explained above, that case has been superceded by statutory changes.

**Costs**

{¶26} The recovery of costs in this action is governed by R.C. 149.43(C)(3)(a). This statute sets forth two circumstances where costs *shall* be awarded. The first requires this court

to order the public office or person responsible for the records to comply with section B of the Public Records Act. R.C. 149.43(C)(3)(a)(i). The second requires a finding that the public office or person responsible for the records acted in bad faith.

{¶27} CARE's motion for summary judgment failed to address the award of costs under this statute. CARE included a $175 filing fee in the final total of its attorney fee bill, but that amount is properly defined as costs. Therefore, this court declines to award CARE costs in this action.

**Conclusion**

{¶28} This court determines that CARE has demonstrated the amount of reasonable attorney fees expended in the pursuit of receiving records to which it is entitled. R.C. 149.43(C)(4)(b). Further, under R.C. 149.43(C)(4)(c), CARE is entitled to attorney fees for hours expended demonstrating its entitlement to attorney fees. Therefore, CARE is awarded $8,812.50 in attorney fees.

{¶29} Writ granted in part and denied in part. Relator to pay costs. The court directs the clerk to serve upon all parties notice of this judgment and its date of entry upon the journal pursuant to Civ.R. 58(B).

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR