[Cite as *State ex rel. DiFranco v. S. Euclid*, 2012-Ohio-5158.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97823**

## STATE EX REL. EMILIE DIFRANCO

RELATOR

vs.

## CITY OF SOUTH EUCLID, OHIO, ET AL.

RESPONDENTS

**JUDGMENT:
WRIT DENIED**

Writ of Mandamus
Motion Nos. 453507, 454368 and 454949
Order No. 459142

**RELEASE DATE:**    October 22, 2012

**ATTORNEYS FOR RELATOR**

Christopher P. Finney
Finney, Stagnaro, Saba & Patterson
2623 Erie Avenue
Cincinnati, Ohio 45208

Curt C. Hartman
Law Firm of Curt C. Hartman
3749 Fox Point Court
Amelia, Ohio 45102

**ATTORNEY FOR RESPONDENTS**

Michael P. Longrasso
Law Director
City of South Euclid
1349 South Green Road
South Euclid, Ohio 44121

KENNETH A. ROCCO, J.:

{¶1} On January 11, 2012, the relator, Emilie DiFranco, commenced this public records mandamus against the respondents, the city of South Euclid and Keith A. Benjamin, Director of Community Services and Clerk of Council of the city of South Euclid. DiFranco seeks "copies of all legal spending for the time period: January 2010 thru June 2011 * * * include detailed spread sheets * * * which includes: date of payments, payee, and amounts paid to outside contractual legal firms, and salaries." In addition, DiFranco seeks the award of attorney fees, per R.C. 149.43(C)(2)(b), and the award of statutory damages as allowable pursuant to R.C. 149.43(C)(1). For the following reasons, we find that DiFranco's request for a writ of mandamus is moot and decline to award DiFranco either attorney fees or statutory damages.

{¶2} DiFranco's request for a writ of mandamus is moot. DiFranco, in footnote five, as contained within her motion for partial summary judgment of March 22, 2012, states that: "Relator is willing to stipulate that all responsive records were received on Friday, January 13, 2012, at 7:56 PM, the same day the complaint was served * * * ." All requested public records have been provided to DiFranco. *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 22, quoting *State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.*, 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, ¶ 14. Thus, the only remaining issues that this court must address

are DiFranco's request for statutory damages and attorney fees.

{¶3} DiFranco's request for statutory damages must be summarily denied. R.C. 149.43(C)(1) provides that "[i]f a requestor transmits a written request by hand delivery or certified mail to inspect or receive copies of any public records * * * , the requestor shall be entitled to recover the amount of statutory damages set forth in this division." In the case sub judice, DiFranco did not transmit a written request by hand delivery or certified mail to inspect or receive copies of any public record. DiFranco made her request for public records through email. Email does not constitute a written request or certified mail, and thus, DiFranco has failed to comply with the mandatory requirements of R.C. 149.43(C)(1). *State ex rel. Mahajan v. State Med. Bd. of Ohio*, 127 Ohio St.3d 497, 2010-Ohio-5995, 940 N.E.2d 1280.

{¶4} Finally, we find that DiFranco is not entitled to attorney fees. DiFranco argues that she has established the necessary grounds for attorney fees pursuant to R.C. 149.43(C)(2)(b). In support of her claim

for attorney fees, DiFranco states in her complaint for a writ of mandamus that:

> The issuance of a writ of mandamus will serve the public interest and provide a public benefit by, inter alia, encouraging and promoting compliance in the future by public officials with the mandates of the Public Records Act, as well as court decisions thereon.

> Furthermore, the issuance of a writ of mandamus will serve the public interest and provide a public benefit by, inter alia, exposing the financial operations of the City of South Euclid to public exposure.

> Furthermore, the issuance of a writ of mandamus will serve the public

interest and provide a public benefit by, inter alia, subjecting the organization, functions, policies, decision, operations, or other activities of the City of South Euclid to public exposure, review and criticism.

{¶5} The Supreme Court of Ohio has recently established that the award of attorney fees is dependent upon demonstrating that the release of the requested public records provides a public benefit that is greater than the benefit that enures to the requester. *State ex rel. Dawson v. Bloom-Carroll Local School Dist.*, 131 Ohio St.3d 10, 2011-Ohio-6009, 959 N.E.2d 524, ¶ 34; *State ex rel. Beacon Journal Publishing Co. v. Akron*, 104 Ohio St.3d 399, 2004-Ohio-6557, 819 N.E.2d 1087; compare *State ex rel. Data Trace Information Servs., L.L.C. v. Cuyahoga Cty. Fiscal Officer*, 131 Ohio St.3d 255, 2012-Ohio-753, 963 N.E.2d 1288, ¶ 69 (failure to establish right to statutory damages and attorney fees throughout the case resulted in waiver).

{¶6} This court, in *State ex rel. Petranek v. Cleveland*, 8th Dist. No. 98026, 2012-Ohio-2396, held that encouraging and promoting compliance with the Ohio Public Records Act and on subjecting the public records keeper to public exposure, review, and criticism does not establish sufficient public benefit to allow for the award of attorney fees.

> In her complaint, [relator] states that her public records request would serve the public benefit by encouraging and promoting compliance with the Ohio Public Records Act and by subjecting the [respondent] to public exposure, review, and criticism. [Footnote omitted.] This does not state a sufficient public benefit to support an award of attorney fees or statutory damages, *because any and all public records requests would provide these minimal benefits*. (Emphasis added.) *Id*. at ¶ 8.   *See also State ex rel. DiFranco v. South Euclid*, 8th Dist. No. 97713, 2012-Ohio-4399.

{¶7} As in *Petranek*, we find that DiFranco has failed to establish any viable public benefit that would permit this court to an award of attorney fees. The benefit claimed by DiFranco is simply an argument that the Ohio Public Records Act be enforced against the respondents. Thus, we find that DiFranco is not entitled to an award of attorney fees.

{¶8} Accordingly, we grant the respondents' joint motions for summary judgment and deny DiFranco's partial motion for summary judgment. Respondents to pay costs. This court directs the Clerk of the Eighth District Court of Appeals to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶9} Writ denied.


_____
KENNETH A. ROCCO, JUDGE

COLLEEN CONWAY COONEY, J., CONCURS;
MELODY J. STEWART, P.J., CONCURS IN JUDGMENT ONLY