THE STATE EX REL. DIFRANCO, APPELLANT, *v.* THE CITY OF

SOUTH EUCLID ET AL., APPELLEES.

[Cite as *State ex rel. DiFranco v. S. Euclid*, 138 Ohio St.3d 378,

2014-Ohio-539.]

*Public-records requests—R.C. 149.43(C)(2)(b)—Attorney fees.*

(No. 2012-1893—Submitted June 4, 2013—Decided February 19, 2014.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 97823,

2012-Ohio-5158.

_____

**Per Curiam.**

{¶ 1} This is the appeal of a public-records mandamus case, filed initially in the Eighth District Court of Appeals. Appellant, Emilie DiFranco, made a public-records request to which the clerk of appellee city of South Euclid's council responded, stating that he would forward the requested information after review by the finance and law departments. However, because of an internal breakdown in communication, the city did not fulfill the request for nearly six months. Upon DiFranco's filing of a claim for a writ of mandamus in the court of appeals, the oversight was discovered, and the city immediately produced the requested records. All parties agree that the writ action is now moot, but DiFranco requests mandatory attorney fees. The court of appeals denied the motion for fees without engaging in the analysis required by R.C. 149.43(C)(2)(b). The court, in denying attorney fees, gave the reason that DiFranco had "failed to establish any viable public benefit." 2012-Ohio-5158, ¶ 7. DiFranco appealed.

{¶ 2} Because the court did not have to render a judgment ordering the city to produce the records within a reasonable time, DiFranco is ineligible for

mandatory attorney fees under R.C. 149.43(C)(2)(b). In considering the question, the court of appeals should have followed R.C. 149.43(C)(2)(b) rather than looking to public benefit, which is irrelevant to the application of the statutory criteria for a mandatory award of fees. We therefore affirm for reasons other than those given by the court of appeals.

## Facts

*The request and the response*

{¶ 3} On July 20, 2011, DiFranco sent a public-records request by e-mail to the city of South Euclid in care of appellee Keith Benjamin, clerk of the city council. On July 25, Benjamin responded, indicating that he had received the request and that he had forwarded the request to the director of finance for the city, who was on vacation at the time. Benjamin stated, "I will forward the information to you as requested in electronic format as soon as the information is compiled and reviewed by the Finance Director and Law Director."

*Request not fulfilled until mandamus case filed*

{¶ 4} However, because of what the city called a "communications breakdown" between Benjamin and the finance department, the request went unfulfilled for nearly six months. DiFranco filed a mandamus action in the court of appeals on January 11, 2012. The city provided the records responsive to her request on January 13, 2012.

*DiFranco requests mandatory fees*

{¶ 5} DiFranco moved for partial summary judgment, arguing that although the mandamus action itself was mooted by the production of records, she was still entitled to a mandatory award of attorney fees. The city did not respond to that motion except to file its own motion for summary judgment, in which it argued only that the mandamus action had been mooted. In response to that motion, DiFranco acknowledged again that the mandamus case had been mooted

2

but pointed out that the claim for mandatory attorney fees remained and had not been opposed by the city.

*Court of appeals denies fees*

**{¶ 6}** The court of appeals granted the city's motion for summary judgment and denied DiFranco's motion for partial summary judgment. The court held that the mandamus case had become moot and that DiFranco had failed to prove any public benefit permitting attorney fees.

**{¶ 7}** DiFranco appealed to this court.

### Legal Analysis

**{¶ 8}** The relevant statute, R.C. 149.43, was amended in 2007 to provide specific criteria for the award of mandatory attorney fees. Sub.H.B. No. 9, 151 Ohio Laws, Part IV, 8219, 8236-8239. However, the court of appeals ignored this statutory language and denied DiFranco's request for mandatory attorney fees. We affirm, but on the basis of the factors prescribed by the statute.

*The court decides the case de novo*

**{¶ 9}** DiFranco argues that the court should exercise its plenary authority to treat this case de novo, that is, to treat it as if it had been filed in this court originally. She states that the court of appeals "erred in its analysis on the purely legal issue concerning the mandatory nature of the award of attorney fees."

**{¶ 10}** "[W]e have consistently held, ' "In an appeal of a judgment granting or denying fees in a public records case, we review whether the court abused its discretion." ' " *State ex rel. Doe v. Smith*, 123 Ohio St.3d 44, 2009-Ohio-4149, 914 N.E.2d 159, ¶ 15, quoting *State ex rel. Cranford v. Cleveland*, 103 Ohio St.3d 196, 2004-Ohio-4884, 814 N.E.2d 1218, ¶ 24, quoting *State ex rel. Dillery v. Icsman*, 92 Ohio St.3d 312, 314, 750 N.E.2d 156 (2001).

**{¶ 11}** However, this case presents the issue of *mandatory* attorney fees under specific statutory criteria; the entitlement to damages and fees under these circumstances is not a discretionary decision of the court below, but rather a legal

determination that lies within this court's authority to review legal issues de novo on appeal.

*Amendments to R.C. 149.43 fees provisions*

{¶ 12} "Effective September 29, 2007, R.C. 149.43 was amended, and subsection (C) now provides new standards for awarding attorney fees in public-records mandamus cases." *State ex rel. Toledo Blade Co. v. Seneca Cty. Bd. of Commrs.*, 120 Ohio St.3d 372, 2008-Ohio-6253, 899 N.E.2d 961, ¶ 48. The statute now specifies circumstances under which a court *may* award reasonable attorney fees and other circumstances under which the court *must* award reasonable attorney fees to the aggrieved person in a mandamus action. R.C. 149.43(C)(2)(b). These fees may be reduced or eliminated on the consideration of other statutory factors. R.C. 149.43(C)(2)(c).

*After the 2007 amendments, attorney fees are either mandatory or discretionary, but the public-benefit test applies only to the latter*

{¶ 13} The court of appeals did not consider any of the statutory factors in its analysis but stated only that the award of fees depends on demonstrating that the release of the requested records "provides a public benefit that is greater than the benefit that enures to the requester." 2012-Ohio-5158, ¶ 5. This language apparently refers to preamendment cases in which the court held that "[i]n exercising its discretion" to determine the propriety of a fee award, "a court considers the reasonableness of the government's failure to comply with the public-records request and the degree to which the public will benefit from the release of the records in question." *State ex rel. Beacon Journal Publishing Co. v. Akron*, 104 Ohio St.3d 399, 2004-Ohio-6557, 819 N.E.2d 1087, ¶ 59. *See also State ex rel. Cranford v. Cleveland*, 103 Ohio St.3d 196, 2004-Ohio-4884, 814 N.E.2d 1218, ¶ 26 (no attorney fees awarded because the records requested "were mostly beneficial to [the relator], and he ultimately received the records in time for his civil service commission hearing").

**{¶ 14}** Although we have applied the public-benefit test in determining whether to award attorney fees, after the amendments, the use of that test must be squared with the provisions of R.C. 149.43(C)(2)(b). Because the statute explicitly states the criteria for awarding and reducing attorney fees, the Eighth District erred by applying a public-benefit test that is not set forth in the statute.

**{¶ 15}** Discretionary attorney fees under R.C. 149.43(C)(2)(b) may continue to be subject to a public-benefit test. *See State ex rel. Laborers Internatl. Union of N. Am., Local Union No. 500 v. Summerville*, 122 Ohio St.3d 1234, 2009-Ohio-4090, 913 N.E.2d 452, ¶ 5, 8; *State ex rel. Doe v. Smith*, 123 Ohio St.3d 44, 2009-Ohio-4149, 914 N.E.2d 159, ¶ 33-34. However, this case involves a claim for mandatory fees. We conclude that the legislature decided against the use of a public-benefit test for mandatory fees under R.C. 149.43(C)(2)(b) when it failed to specify it as a condition for granting fees.

*Mandatory vs. discretionary fees*

**{¶ 16}** Under R.C. 149.43(C)(2), a court must first determine whether attorney fees are discretionary or mandatory:

> (b) If the court renders a judgment that orders the public office or the person responsible for the public record to comply with division (B) of this section, the court *may* award reasonable attorney's fees subject to reduction as described in division (C)(2)(c) of this section. The court *shall* award reasonable attorney's fees, subject to reduction as described in division (C)(2)(c) of this section when either of the following applies:

> (i) The public office or the person responsible for the public records failed to respond affirmatively or negatively to the public records request in accordance with the time allowed under division (B) of this section.

(ii) The public office or the person responsible for the public records promised to permit the relator to inspect or receive copies of the public records requested within a specified period of time but failed to fulfill that promise within that specified period of time.

(Emphasis added.)

{¶ 17} The first sentence covers discretionary fees, which are to be awarded "[i]f the court renders a judgment that orders" production of records. Mandatory fees are covered in the second sentence and are awarded if one of two conditions exists. *See State ex rel. Doe v. Smith*, 123 Ohio St.3d 44, 2009-Ohio-4149, 914 N.E.2d 159, ¶ 23-32. The question therefore arises whether the *if* clause of the first sentence applies to the second sentence as well. This is especially important here, because the court below did not have to "render a judgment"; rather, the city produced the records immediately on discovering that DiFranco had filed a mandamus case.

{¶ 18} We hold that the *if* clause applies to both sentences. If the General Assembly had intended for mandatory attorney fees to be independent of the prerequisite of a judgment, it would have included them as a separate paragraph. Because the two sentences are in the same subdivision and the same paragraph, they are connected. The subdivision contemplates that in a public-records case in which a court renders a judgment, attorney fees are generally discretionary except that in certain circumstances, they are mandatory. Subdivisions (C)(2)(b)(i) and (ii) describe the exceptions to the otherwise discretionary fees.

{¶ 19} At least two policy reasons support this reading of the statute. First, it encourages people requesting public records to remind the government entity that the request remains unfulfilled without resorting to litigation. This allows the requester to receive the records without burdening the public purse.

DiFranco has done this many times without incident, though she did not do so in this case.

{¶ 20} Second, this interpretation reins in attorneys. R.C. 149.43 is designed to ensure that public agencies and employees timely and reasonably respond to public-records requests, not to ensure a livelihood for attorneys who scour the state hoping for a failure to respond. Making the award of both discretionary and mandatory attorney fees dependent on a court order makes it more likely that the attorney was required to provide a real service beyond the filing of a complaint.

{¶ 21} Here, DiFranco is asking for mandatory attorney fees, but under our holding here, she is not eligible for them because the court did not issue a judgment ordering the city to produce the requested documents.

### Conclusion

{¶ 22} The court of appeals erred in not engaging in the statutory analysis required by R.C. 149.43(C) before deciding not to award attorney fees to DiFranco. We therefore affirm, but on the basis that the court did not order the city to produce the requested records, and under R.C. 149.43(C)(2)(b), that precludes an award of fees.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, FRENCH, and O'NEILL, JJ., concur.

KENNEDY, J., dissents.

_____

**KENNEDY, J., dissenting.**

{¶ 23} The majority holds that DiFranco was not entitled to attorney fees, because the court had not "render[ed] a judgment that orders the public office or the person responsible for the public record to comply with" the public-records law pursuant to the first sentence of R.C. 149.43(C)(2)(b). For the reasons set

forth in my separate opinion in No. 2012-1704, I believe that Emilie DiFranco was entitled to mandatory fees under the second sentence and that the "if" clause in the first sentence does not apply to the second sentence. *State ex rel. DiFranco v. S. Euclid,* 138 Ohio St.3d 367, 2014-Ohio-538, ___ N.E.3d ___.

{¶ 24} Like No. 2012-1704, this case involves unreasonable conduct by South Euclid under either R.C. 149.43(C)(2)(b)(i) or (ii), and that misconduct delayed the production of records and forced DiFranco to initiate litigation to enforce her public-records request. By denying the fees, the court again defeats the purpose of mandatory fees: to make the requester whole when unreasonable delay has necessitated litigation. I respectfully dissent.

_____

The Law Firm of Curt C. Hartman and Curt C. Hartman; and Finney, Stagnaro, Saba & Patterson Co., L.L.P., and Christopher P. Finney, for appellant.

Michael P. Lograsso, South Euclid Law Director; and Nicola, Gudbranson & Copper, L.L.C., and Vincent A. Feudo, for appellees.

_____