**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. DiFranco v. S. Euclid,* Slip Opinion No. 2015-Ohio-4914.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-4914

THE STATE EX REL. DIFRANCO *v.* THE CITY OF SOUTH EUCLID ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. DiFranco v. S. Euclid,* Slip Opinion No. 2015-Ohio-4914.]**

*Mandamus—Public records—R.C. 149.43—Statutory damages under R.C. 149.43(C)(1)—Writ affirmed.*

(No. 2014-0831—Submitted April 14, 2015—Decided December 2, 2015.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} Relator, Emilie DiFranco, requested public records from respondents, the city of South Euclid and its employee, Lee Williams (collectively, "South Euclid"). She alleges that South Euclid has only partially responded to her requests and that it did not produce the records that she did receive within a reasonable period of time. DiFranco seeks a writ of mandamus and statutory damages under the public-records act ("PRA"), R.C. 149.43.

{¶ 2} Because South Euclid may not have produced some requested records, we issue an order to South Euclid to produce these records if they exist. In addition, because South Euclid took an unreasonable amount of time producing some of the records that were responsive to her request, we award costs and statutory damages to DiFranco.

### Facts

{¶ 3} On September 4, 2013, DiFranco made a public-records request of South Euclid. The request was for a long list of financial records associated with several city-owned properties, Certificate of Records Disposal forms ("RC-03 forms"), records showing legal spending for 2004 through 2013, and records of overtime payments for eight months of 2013.

{¶ 4} The request was sent by certified mail and was received by the city the next day. On the day the city received the request, South Euclid acknowledged its receipt in an e-mail to DiFranco that stated that the request would be forwarded to the city's law director for review.

{¶ 5} On October 24, 2013, South Euclid sent some of the requested records to DiFranco. The city indicated that other requested records would be sent in a separate e-mail. On November 1, 2013, South Euclid sent more records to DiFranco, but again, not all of those requested were sent. Specifically, not all the records associated with the city-owned properties or the RC-03 forms were sent, and none of the records concerning spending on legal matters or overtime payments were sent.

{¶ 6} Despite the fact that DiFranco had not received all the requested records, she did not try to contact South Euclid by e-mail or telephone or in person. Instead, on May 21, 2014, DiFranco filed this action in mandamus. On May 30, 2014, South Euclid sent an e-mail to DiFranco stating that it was resending the responsive records. The attachments included some responsive documents that had

not been provided before, specifically records documenting overtime payments and showing amounts spent on legal services.

{¶ 7} Just minutes later, South Euclid also sent departmental RC-03 forms. A third and final e-mail was sent later in the day, containing more records responsive to the original request for documents related to the city-owned properties that she had not received in November 2013.

{¶ 8} Williams admitted that "[d]ue to the document volume and the need to gather same from various City Departments," she inadvertently failed to send some of the documents to DiFranco until May 30, 2014.

{¶ 9} On September 24, 2014, this court issued an alternative writ and ordered the submission of evidence and briefs.

## Legal Analysis

{¶ 10} "Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act." *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6; *see* R.C. 149.43(C)(1). Unlike in other mandamus cases, " '[r]elators in public-records mandamus cases need not establish the lack of an adequate remedy in the ordinary course of law.' " *State ex rel. Data Trace Information Servs., L.L.C. v. Cuyahoga Cty. Fiscal Officer*, 131 Ohio St.3d 255, 2012-Ohio-753, 963 N.E.2d 1288, ¶ 25, quoting *State ex rel. Am. Civ. Liberties Union of Ohio, Inc. v. Cuyahoga Cty. Bd. of Commrs.*, 128 Ohio St.3d 256, 2011-Ohio-625, 943 N.E.2d 553, ¶ 24.

### Records production

{¶ 11} The first question here concerns what records have yet to be produced. DiFranco claims in her brief that South Euclid has still not produced all the requested records; she asserts that she has not received RC-03 forms for 2004 and 2005 and claims that she has not received records regarding the cost of snow removal for some city properties. The documents DiFranco claim have not yet been

produced appear to be responsive to her request and do not appear in any of the submitted evidence.

{¶ 12} South Euclid claims in its brief that it has produced all responsive records as of May 30, 2014. However, this statement is not backed up by affidavit or other evidence.

{¶ 13} We therefore issue a writ ordering production by South Euclid of the RC-03 forms for 2004 and 2005 and records regarding snow removal for nine Greenvale Drive city-owned properties, if such records exist.

**Statutory damages**

{¶ 14} DiFranco accuses South Euclid of repeatedly failing to fully respond to her public-records requests. South Euclid asserts that DiFranco has made numerous requests for voluminous records, that it has turned over thousands of pages of documents to her, and that her intent in filing this lawsuit is to obtain statutory damages rather than the documents themselves.

{¶ 15} In this case, as in previous cases, South Euclid delayed producing some records requested by DiFranco until she filed a lawsuit. *See State ex rel. DiFranco v. S. Euclid*, 138 Ohio St.3d 378, 2014-Ohio-539, 7 N.E.3d 1146, ¶ 4 ("*DiFranco I*"), and *State ex rel. DiFranco v. S. Euclid*, 138 Ohio St.3d 367, 2014-Ohio-538, 7 N.E.3d 367, ¶ 6-7 ("*DiFranco II*"). The determination whether a public agency or office has complied with the statutory duty to timely provide copies of the requested records depends upon all of the pertinent facts and circumstances. *State ex rel. Morgan v. Strickland*, 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, ¶ 10, citing *State ex rel. Consumer News Servs., Inc. v. Worthington City Bd. of Edn.*, 97 Ohio St.3d 58, 2002-Ohio-5311, 776 N.E.2d 82, ¶ 37-38.

{¶ 16} Particularly with respect to voluminous requests, we have held that R.C. 149.43 "envisions an opportunity on the part of the public office to examine records prior to inspection in order to make appropriate redactions of exempt

materials." *Morgan* at ¶ 16, quoting *State ex rel. Warren Newspapers, Inc. v. Hutson*, 70 Ohio St.3d 619, 623, 640 N.E.2d 174 (1994). Although DiFranco's request was large (but not as voluminous as that in *Morgan*), the delay in producing a large number of the records was not primarily due to a review for redaction. Rather, the public-records officer for South Euclid admits that some of the documents were "inadvertently omitted" from the city's e-mails until after this case was filed in May 2014.

{¶ 17} R.C. 149.43(B) requires that public records be made accessible and available upon request. Division (B)(1) states that "all public records responsive to the request shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours." The statute allows the requesting party to ask that copies to be made and permits the public office to charge the cost of copying in advance. R.C. 149.43(B)(6). The statute requires that the public office "transmit a copy of a public record to any person by United States mail or by any other means of delivery or transmission within a reasonable period of time after receiving the request for the copy." R.C. 149.43(B)(7). If the public office denies the request, the statute requires that an explanation for the denial be given to the requester. R.C. 149.43(B)(3). In addition, division (B) specifically requires that the public office "organize and maintain records in a manner that they can be made available for inspection or copying in accordance with division (B) of this section." R.C. 149.43(B)(2).

{¶ 18} Although some records were produced by South Euclid before the action in mandamus was filed, unlike in *DiFranco II*, 138 Ohio St.3d 367, 2014-Ohio-538, 7 N.E.3d 1136, it was not until DiFranco filed her complaint, approximately eight months after her initial request, that South Euclid produced some of the responsive records. Therefore, South Euclid has failed to produce copies of requested records within a reasonable period of time, as required under R.C. 149.43(B). *Id.* at ¶ 21 (failure to respond at all for two months justifies an

award of statutory damages). *State ex rel. Warren Newspapers, Inc. v. Hutson*, 70 Ohio St.3d 619, 624, 640 N.E.2d 174 (1994) (police department taking four months to respond to a request for "all incident reports and traffic tickets written in 1992" was neither prompt nor reasonable).

{¶ 19} Under R.C. 149.43(C)(1), if a requester made her request by certified mail and the court finds that the public office failed to comply with an obligation under subsection (B) of the statute, the court can award court costs, attorney fees, and statutory damages up to $1,000.

{¶ 20} South Euclid argues that the court should not grant statutory damages because DiFranco made her request for reasons other than examination of the requested records. South Euclid likens DiFranco to the plaintiff in *Rhodes v. New Philadelphia*, 129 Ohio St.3d 304, 2011-Ohio-3279, 951 N.E.2d 782. In that case, the plaintiff requested reel-to-reel tapes of a police department's phone calls and radio dispatches. Years before the request, the system that produced the reel-to-reel tapes had been replaced. The police department destroyed the tapes, even though its record-disposition policy allowing for their destruction had not been properly adopted.

{¶ 21} The plaintiff in *Rhodes* admitted that he wanted to request records only if the city did not have an approved record-disposition schedule. *Id.* at ¶ 6. This court held that if a public office can establish that the requester did not actually want the records but wanted the request to be denied, a finder of fact could conclude that the requester was not aggrieved by the destruction of the records. *Id.* at ¶ 28.

{¶ 22} South Euclid argues that, as with the relator in *Rhodes*, DiFranco is not aggrieved by South Euclid's failure to provide the requested records in a timely fashion, because her true motive is not to obtain the records but to seek statutory damages.

{¶ 23} South Euclid's arguments are without merit for at least two reasons. South Euclid itself acknowledges that DiFranco has been making public-records

6

requests for seven years and that she has made dozens of such requests. In the past, South Euclid asserts, if DiFranco felt that the city had not fulfilled the request, she contacted a city employee to inquire about the matter. The city complains that for the last few years, she has not made such inquiries but has sued the city in mandamus instead.

{¶ 24} We have emphasized that R.C. 149.43 contemplates that a requester and a public office should cooperate when a public-records request is made. *Morgan*, 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, ¶ 18. However, DiFranco points out that she no longer has contact with South Euclid regarding her requests because Michael Lograsso, South Euclid's law director, told her in an e-mail sent on March 31, 2011, that he no longer would communicate with her.

{¶ 25} DiFranco's public-records request was sent to Lograsso for review and processing. A public-records requester has an obligation to cooperate with the public-records custodian fulfilling a request, including an obligation to inform the public agency when she feels that a request has been incomplete or slow. *Id.* However, after receiving the e-mail from Lograsso stating that he wanted no further contact, DiFranco acted reasonably in no longer communicating with the city about her public-records requests.

{¶ 26} In addition, DiFranco has been making requests for seven years but has only begun suing in mandamus recently. DiFranco also asserts that the failure to timely obtain some records from the current request prevented her from commenting fully on a proposed tax levy before the election in which the levy was on the ballot. All of these factors point away from South Euclid's contention that DiFranco's motive is to get statutory damages. Whatever her motive, it was not a blatant wish to have her requests denied, as with the plaintiff in *Rhodes*. *See Rhodes*, 129 Ohio St.3d 304, 2011-Ohio-3279, 951 N.E.2d 782, ¶ 26.

{¶ 27} Second, this is the third case in which South Euclid has been dilatory in responding to one of DiFranco's public-records requests. *DiFranco II*, 138 Ohio

St. 3d 367, 2014-Ohio-538, 7 N.E.3d 1136, ¶ 7 (no response to request for two months); *DiFranco I*, 138 Ohio St. 3d 378, 2014-Ohio-539, 7 N.E.3d 1146, ¶ 4 (request went unfulfilled for nearly six months). Nor is this a case in which only a handful of responsive documents went astray; instead, two entire categories of DiFranco's requested documents were not produced for eight months, until DiFranco filed a lawsuit. After seven years of fielding her requests, the officials of South Euclid should know to be diligent and responsive to DiFranco's public-records requests, as they should be with *all* such requests. South Euclid, as with any other public agency, has an obligation under the PRA to respond to public-records requests in a timely and complete manner.

**{¶ 28}** Therefore, DiFranco is entitled to statutory damages. R.C. 149.43(C)(1) provides that a requesting party is entitled to recover damages of $100 "for each business day during which the public office * * * failed to comply with an obligation in accordance with division (B) of this section, beginning with the day on which the requester files a mandamus action to recover statutory damages, up to a maximum of one thousand dollars."

**{¶ 29}** DiFranco, having made only one public-records request, may recover only $100 for each business day. *State ex rel. Dehler v. Kelly*, 127 Ohio St.3d 309, 2010-Ohio-5724, 939 N.E.2d 828, ¶ 4 ("R.C. 149.43(C)(1) does not permit stacking of statutory damages based on what is essentially the same records request. No windfall is conferred by the statute").

**{¶ 30}** An award of statutory damages may be reduced if the court determines that based on statutory and case law at the time, a well-informed public office or person responsible for the requested public records reasonably would believe that their actions would not constitute a failure to comply with the statute and that a well-informed public office or person reasonably would believe that their actions would serve the public policy. R.C. 149.43(C)(1)(a) and (b). However,

these factors are not present here; South Euclid does not argue that they did not know or believe that the requested documents were public record.

{¶ 31} Therefore, DiFranco is entitled to $100 dollars in damages for each business day that South Euclid failed to produce the remaining requested records after she had filed her mandamus complaint. DiFranco filed her complaint on May 21, 2014, and South Euclid produced the additional records on May 30, 2014, six business days later. If, as South Euclid asserts, they have produced all existing documents as of May 30, 2014, DiFranco is entitled to $600. We therefore grant statutory damages in the amount of $600 and costs to DiFranco.

### Conclusion

{¶ 32} DiFranco claims that South Euclid has still not produced some of her requested records, specifically RC-03 forms for 2004 and 2005 and records regarding snow removal for city properties. We therefore issue a writ of mandamus ordering that responsive records be produced if they exist and have not yet been produced.

{¶ 33} In addition, South Euclid took an unreasonable amount of time producing some records responsive to her request. We therefore award costs and statutory damages in the amount of $ 600 to DiFranco.

Writ granted.

O'CONNOR, C.J., and O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

PFEIFER, J., dissents and would dismiss the petition.

_____

Emilie DiFranco, pro se.

Michael P. Lograsso, South Euclid Director of Law; and Nicola, Gudbranson & Cooper, L.L.C., Vincent A. Feudo, and Michael E. Cicero, for respondents.

_____