[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Stevenson v. King*, Slip Opinion No. 2022-Ohio-3093.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-3093

THE STATE EX REL. STEVENSON, APPELLEE, *v*. KING, MAYOR, ET AL.,

APPELLANTS.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Stevenson v. King*, Slip Opinion No. 2022-Ohio-3093.]

*Mandamus—Public Records Act, R.C. 149.43—Attorney fees—Petition seeking to compel the East Cleveland mayor and finance director to produce records to the city-council president related to funds received and spent by the city under the Coronavirus Aid, Relief, and Economic Security Act, 15 U.S.C. 9001 et seq. ("the CARES Act") was correctly granted because the mayor and finance director failed to present sufficient evidence to support their claim that no written records existed pertaining to the application for and award of CARES Act grant money and because they failed to authenticate the evidence submitted in support of their claim that records pertaining to the appropriation and expenditure of CARES Act money had already been shared with the city council through regular financial reports—Attorney*

*fees were improperly awarded for pro se litigant who failed to demonstrate the existence of an attorney-client relationship between the attorney who was awarded fees and herself individually or the city council.*

(No. 2021-1138—Submitted June 14, 2022—Decided September 7, 2022.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 110221, 2021-Ohio-1093.

————————————

**Per Curiam.**

**{¶ 1}** Appellee, Korean Stevenson, brought a mandamus action in the Eighth District Court of Appeals seeking to compel appellants, East Cleveland Mayor Brandon King and East Cleveland Finance Director Charles Iyahen, to produce records related to certain public expenditures. The court of appeals denied two of Stevenson's claims for relief but granted a third, issuing a writ of mandamus directing King and Iyahen to produce documents in response to a public-records request. In a subsequent order, the court of appeals ordered King and Iyahen to pay attorney fees.

**{¶ 2}** The matter is now before this court on King and Iyahen's appeal of right. We affirm the Eighth District's judgment granting a writ of mandamus, but we reverse the court of appeals' judgment granting an award of attorney fees.

**I. Background**

**{¶ 3}** Stevenson is president of the East Cleveland City Council ("the city council"). She was elected to the position in September 2020.

**{¶ 4}** In March 2020, in response to the COVID-19 pandemic, the United States Congress passed the Coronavirus Aid, Relief, and Economic Security Act, 15 U.S.C. 9001 et seq. ("the CARES Act"). East Cleveland received funds from the CARES Act. According to Stevenson, she learned in November 2020 that King was spending money without authorization from the city council and that King's expenditures included CARES Act funds that had not been appropriated by the city

council. Stevenson requested documentation from King showing how certain funds had been spent.

{¶ 5} On November 6, 2020, the city council approved Resolution 39-20, authorizing it to retain the law firm McDonald Humphrey, L.L.C., as special counsel and approving a budget of $50,000 to pay the firm. Three days later, King vetoed the resolution.

{¶ 6} On November 18, 2020, Jonathan M. McDonald, an attorney with McDonald Humphrey, sent a letter to Iyahen stating:

> As you are aware, the East Cleveland City Council has engaged the attorneys at McDonald Humphrey, LLC and the undersigned lawyer as special legal counsel. In that regard, we have been tasked with facilitating the production of documents concerning financial records related to federal funds (i.e., money) sent to the City of East Cleveland by and through the enactment of the federal Coronavirus Aid, Relief and Economic Security (CARES) Act.

> It is our understanding that the Finance Department is in possession of those documents. As such, we are requesting all documents including, but not limited to, award letters, grant applications, executed contracts, disbursement receipts, and financial reports which outline where, when, and how the money has been disbursed to date.

(Footnotes omitted.) On the same day, East Cleveland's law director advised Iyahen that McDonald Humphrey was not retained by the city council because the mayor had vetoed the resolution that would have allowed the firm to be retained. "Nevertheless," the law director wrote, "Mr. McDonald is certainly welcome to

submit a public records request as a private citizen as long as he understands he has not been retained by the East Cleveland City Council; and will not be reimbursed for his efforts."

{¶ 7} On January 11, 2021, Stevenson filed a complaint for a writ of mandamus in the Eighth District against King and Iyahen. Stevenson asked for three forms of relief: (1) a writ compelling King and Iyahen to allocate and provide the city council with $50,000 to pay for the services of special counsel, (2) a writ compelling King and Iyahen to submit all contracts and expenditures for amounts in excess of $2,500 to the city council for approval,[1] and (3) a writ compelling King and Iyahen to produce any and all financial documents relating to CARES Act money, including financial reports showing where, when, and how the money has been disbursed.

{¶ 8} King and Iyahen filed a motion to dismiss. The motion included 9 exhibits, totaling more than 100 pages. The motion did not include an affidavit authenticating the exhibits. The court of appeals sua sponte converted the motion to dismiss to a motion for summary judgment and then held the motion in abeyance pending discovery. King and Iyahen filed a counterclaim, alleging that Stevenson was preventing the city council from appropriating funds by refusing to schedule regular council meetings. They demanded a writ of mandamus compelling Stevenson to put a permanent appropriations ordinance on the city council's agenda.

{¶ 9} Stevenson filed a brief in opposition to the motion for summary judgment, with affidavits, as well as a cross-motion for summary judgment on her

---

1. Section 72 of the East Cleveland City Charter requires the mayor to seek the city council's approval before making any contract or purchase in excess of $2,500. American Legal Publishing, *Charter of the City of East Cleveland*, Section 72, available at https://codelibrary.amlegal.com/codes/eastcleveland/latest/eastcleveland_oh/0-0-0-382 (accessed Aug. 18, 2022) [https://perma.cc/9MFT-AVNM]; s*ee also* The City of East Cleveland, Ohio, *City Charter & Codified Ordinances*, at https://eastcleveland.org/government/city_charter___codified _ordinances/index.php (accessed Aug. 18, 2022) [https://perma.cc/7P4L-UYNY].

own claims and a motion to dismiss the counterclaim. King and Iyahen filed an omnibus response to the motions, which included hundreds of pages of exhibits, but again, they did not provide an affidavit authenticating their exhibits.

{¶ 10} On March 29, 2021, the court of appeals issued a decision and judgment entry disposing of the motions. 2021-Ohio-1093. The court granted Stevenson's motion to dismiss the counterclaim for a writ of mandamus compelling her to schedule items on the city council's agenda. *Id*. at ¶ 74. With respect to the cross-motions for summary judgment, the court ruled in favor of King and Iyahen as to counts one and two of Stevenson's complaint (i.e., the counts seeking to compel the mayor to allocate $50,000 to pay for special counsel and to submit all contracts and expenditures in excess of $2,500 to the city council for approval), denying the request for a writ of mandamus. *Id*. at ¶ 26, 37. But the court granted summary judgment in favor of Stevenson on count three, "granting a writ of mandamus directing Iyahen to produce records responsive to the records request submitted to him on November 18, 2020." *Id*. at ¶ 58.[2] In addition, the court awarded Stevenson court costs and attorney fees and ordered briefing to establish the amount of the attorney fees. *Id*. at ¶ 62.

{¶ 11} On July 30, 2021, the court of appeals awarded attorney fees to Stevenson in the amount of $7,996.86. King and Iyahen appealed, challenging the Eighth District's judgment granting a writ of mandamus on the public-records claim and awarding attorney fees to Stevenson.

## II. Legal analysis

### A. *Standard of review*

{¶ 12} To be entitled to a writ of mandamus, a party must establish by clear and convincing evidence (1) a clear legal right to the requested relief, (2) a clear

---

2. Although the court issued the writ of mandamus against both King and Iyahen, the court directed Iyahen specifically to respond to the public-records request because the request was submitted to him and he is the custodian of the records being sought.

legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Love v. O'Donnell*, 150 Ohio St.3d 378, 2017-Ohio-5659, 81 N.E.3d 1250, ¶ 3. We review de novo a court of appeals' grant of summary judgment in a mandamus action. *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 165 Ohio St.3d 292, 2021-Ohio-2374, 178 N.E.3d 492, ¶ 11. Likewise, we review de novo a court of appeals' determination regarding attorney fees. *State ex rel. Armatas v. Plain Twp. Bd. of Trustees*, 163 Ohio St.3d 304, 2021-Ohio-1176, 170 N.E.3d 19, ¶ 12.

*B. The decision to grant a writ of mandamus*

{¶ 13} In their motion to dismiss, King and Iyahen argued that, as of the date of the public-records request, there were no contracts or receipts relating to CARES Act funds, "as can be seen from Respondent Iyahen's Financial responses to same as well as his regular reports." The motion referred to the month-to-date and year-to-date fund reports and the combined expenditures ledger for the period ending December 31, 2020, which were attached as exhibits, as proof of this assertion. As for the requested financial records showing CARES Act disbursements, King and Iyahen argued that "the disbursement[s] of CARES ACT monies are fully set forth in the financial reports that are regularly submitted to Council."

{¶ 14} In their omnibus motion, King and Iyahen renewed their claim that records concerning grant applications and award letters did not exist. But this time, they argued that applications and contracts did not exist because

[t]he City did not have to contract with itself to put the CARES ACT money in the General Fund for its First Responders payroll, Hazard Pay and purchase of PPE equipment. For the latter, masks, hand sanitizer, glass partitions, etc., were procured by City personnel and

the invoices for same were paid as they arrived with no pre-existing "contract."

King and Iyahen also suggested that complying with the public-records request for financial records was unnecessary because the stated reason for seeking the records was to ferret out any misappropriation of CARES Act funds and there were no inappropriate expenditures to find. They stated:

The CARES Act FAQS disseminated by the state's Office of Budget and Management, which was shared with Council, set forth specific guidelines as to how the money could be spent. It was unequivocally spent in that manner.

King and Iyahen again claimed that the information sought through the public-records request had already been shared with the city council, and they referred the court to the exhibits submitted with their converted motion for summary judgment.

{¶ 15} The Eighth District granted summary judgment in favor of Stevenson, finding that a proper public-records request had been sent to Iyahen and that Iyahen had not responded to that request. 2021-Ohio-1093 at ¶ 42. It explained: "This is all the court is left with to determine the action because King and Iyahen have not provided this court with any evidence that can properly be considered on summary judgment." *Id*. at ¶ 43. The court admonished King and Iyahen for failing to authenticate the exhibits even after the court had issued two separate journal entries reminding the parties that exhibits must be authenticated *and* after Stevenson had argued that their exhibits were unauthenticated. *Id*. at ¶ 44. The Eighth District specifically rejected the suggestion that responsive records do not exist, because King and Iyahen had conceded that grants were

awarded but they presented no evidence that the grants were awarded based on anything other than written applications. *Id*. at ¶ 50-51.

{¶ 16} On appeal to this court, King and Iyahen claim that McDonald seeks "nonexistent" records through the public-records request. In response to the Eighth District's finding that their exhibits were unauthenticated, King and Iyahen argue that their exhibits were self-authenticating.

{¶ 17} King and Iyahen claim that the "CARES Act fund records provided to Stevenson were indeed authenticated" pursuant to Evid.R. 901(A). That rule provides that authentication requires "evidence sufficient to support a finding that the matter in question is what its proponent claims." *Id.* But King and Iyahen do not identify what evidence allegedly authenticated the exhibits that were attached to their converted motion for summary judgment.

{¶ 18} Alternatively, in their merit brief, King and Iyahen quote Evid.R. 902(2) for the proposition that " '[e]xtrinsic evidence of authenticity * * * is not required with respect to * * * [d]omestic public records not under seal.' " However, King and Iyahen truncate the quote by omitting crucial phrases. Evid.R. 902(2) provides that public records lacking a seal but purporting to bear the signature of a government officer or employee in his or her official capacity are self-authenticating "if a public officer having a seal and having official duties in the district or political subdivision of the officer or employer certifies under seal that the signer has the official capacity and that the signature is genuine." King and Iyahen do not assert that their exhibits fall into this category, and we will not review the exhibits to determine whether they contain signatures, because "[i]t is not the role of this court to 'search the record or formulate arguments on behalf of the parties.' " *State ex rel. McKenney v. Jones*, __ Ohio St.3d __, 2022-Ohio-583, __ N.E.3d __, ¶ 28, quoting *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 19. And even if the exhibits attached to the motions *do*

contain official signatures, King and Iyahen have not identified the Evid.R. 902 certification of those signatures.

{¶ 19} King and Iyahen also argue that a select number of documents attached as exhibits to their counterclaim were properly authenticated. The counterclaim contains affidavits from both King and Iyahen "verify[ing] that the exhibits attached to [their] Complaint and Petition for a Writ of Mandamus, are true and accurate copies of the original[s] to the best of [their] personal knowledge." According to King and Iyahen's merit brief, these affidavits serve to make the East Cleveland Permanent Appropriations record and the proposed East Cleveland Fiscal Recovery Plan self-authenticating under Evid.R. 902. But Evid.R. 902 is inapplicable to these documents because they are unsigned.

{¶ 20} Finally, King and Iyahen argue that the public-records request "kept shifting" throughout the case "because this action was instituted for nefarious purposes."[3] As the Eighth District observed, neither King nor Iyahen objected to the original request as being vague or overbroad, although they made that argument later in a motion for a more definite statement. 2021-Ohio-1093 at ¶ 57.

{¶ 21} In their merit brief, King and Iyahen argue that the Eighth District should have granted the motion for a more definite statement because the CARES Act information "had already been disseminated to [the city council] in the ordinary course of financial reporting" and because "much of the information [Stevenson] claimed she wanted still did not exist." Those two affirmative defenses—that King and Iyahen had fully complied with the request and that the request sought nonexistent documents—have nothing to do with a purported need for clarification of the request.

---

3. Stevenson's motive for seeking the records is irrelevant. *See Rhodes v. New Philadelphia*, 129 Ohio St.3d 304, 2011-Ohio-3279, 951 N.E.2d 782, ¶ 20; R.C. 149.43(B)(4). It follows logically that her motive for filing suit to compel release of the requested records is equally irrelevant.

{¶ 22} For these reasons, we affirm the judgment of the Eighth District granting a writ of mandamus for the production of public records.

*C. The award of attorney fees*

{¶ 23} If a court renders a judgment ordering a public official to comply with the Public Records Act, R.C. 149.43, the court may award reasonable attorney fees to the requester. R.C. 149.43(C)(3)(b); *State ex rel. Summers v. Fox*, 164 Ohio St.3d 583, 2021-Ohio-2061, 174 N.E.3d 747, ¶ 13. In this appeal, King and Iyahen do not challenge the reasonableness of the hours expended or the rates charged by the McDonald Humphrey law firm. The sole issue on appeal is whether there is an attorney-client relationship between Stevenson and McDonald Humphrey.

{¶ 24} Attorney fees are not recoverable under the Public Records Act when there is no evidence that the requester "either paid or was obligated to pay" its attorney. *State ex rel. O'Shea & Assocs. Co., L.P.A. v. Cuyahoga Metro. Hous. Auth.*, 131 Ohio St.3d 149, 2012-Ohio-115, 962 N.E.2d 297, ¶ 45. For example, a corporation cannot recover attorney fees when it is represented by its salaried, in-house counsel, absent evidence of a fee agreement or the actual payment of fees to counsel in addition to payment of his or her regular salary and work benefits. *State ex rel. Beacon Journal Publishing Co. v. Akron*, 104 Ohio St.3d 399, 2004-Ohio-6557, 819 N.E.2d 1087, ¶ 62, superseded by statute on other grounds as explained in *State ex rel. DiFranco v. S. Euclid*, 138 Ohio St.3d 378, 2014-Ohio-539, 7 N.E.3d 1146, ¶ 13. Likewise, a prevailing party cannot recover attorney fees under the Public Records Act without evidence of a fee agreement when he or she is represented by his or her spouse. *See State ex rel. Besser v. Ohio State Univ.*, 87 Ohio St.3d 535, 542, 721 N.E.2d 1044 (2000).

{¶ 25} In her motion for attorney fees, Stevenson submitted timesheets showing the hours that attorneys with McDonald Humphrey spent on the case. The motion also included affidavits from McDonald and another attorney attesting to the accuracy and reasonableness of the billing records. But in his affidavit,

McDonald does not aver the existence of an attorney-client relationship or a fee agreement between himself and Stevenson or between himself and the city council.

{¶ 26} In its journal entry and opinion dated July 30, 2021, the Eighth District held that the record supported the existence of an attorney-client relationship because King and Iyahen attached to their memorandum opposing fees "an engagement letter executed by Stevenson facially establishing an attorney-client relationship." That letter, dated November 5, 2020, purports to establish an attorney-client relationship between McDonald Humphrey and the city council. Stevenson signed the agreement in her capacity as the city council's president on November 8, two days after the city council passed Resolution 39-20 approving the retention of the McDonald Humphrey law firm on its behalf. But on November 9, Mayor King vetoed that resolution.

{¶ 27} The East Cleveland City Charter, Section 113(E), authorizes the mayor to veto any resolution and ordinance. American Legal Publishing, *Charter of the City of East Cleveland*, Section 113(E), available at https://codelibrary.amlegal.com/codes/eastcleveland/latest/eastcleveland_oh/0-0-0-520 (accessed Aug. 18, 2022) [https://perma.cc/P7VD-2Z5X]; *see also* The City of East Cleveland, Ohio, *City Charter & Codified Ordinances*, at https://eastcleveland.org/government/city_charter___codified_ordinances/index.php (accessed Aug. 18, 2022) [https://perma.cc/7P4L-UYNY]. If the mayor vetoes a measure, the city council may override the veto with a vote of four-fifths of its members approving the measure on reconsideration. *Id.* Stevenson has not alleged that the city council overrode the veto, nor has she explained how the city council might have had authority to retain McDonald Humphrey despite the veto.

{¶ 28} McDonald Humphrey was not retained by the city, as a matter of law. There is no evidence that the firm was retained by Stevenson individually. At times in this litigation, King and Iyahen have taken the position that because Stevenson did not enter into an agreement retaining the services of McDonald

Humphrey in her individual capacity, the public-records request from attorney McDonald is void. There is no authority for the proposition that the lack of a retainer agreement would excuse King and Iyahen from their obligations under the Public Records Act. Absent an attorney-client relationship between McDonald Humphrey and either Stevenson in her individual capacity or the city council, the public-records request would have been made by attorney McDonald on his own behalf, and Stevenson as a pro se litigant is not entitled to attorney fees. *See State ex rel. Ullmann v. Klein*, 160 Ohio St.3d 457, 2020-Ohio-2974, 158 N.E.3d 580, ¶ 15.

**{¶ 29}** For these reasons, we reverse the award of attorney fees.

### III. Conclusion

**{¶ 30}** We affirm the Eighth District Court of Appeals' judgment granting a writ of mandamus, and we reverse the court of appeals' judgment granting an award of attorney fees.

Judgment affirmed in part
and reversed in part.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Willa M. Hemmons, East Cleveland Director of Law, and Heather McCollough, Assistant Director of Law, for appellants.

_____